## 38053. HOOKS *v.* THE STATE.

GARDNER, Presiding Judge. Warren Hooks, the defendant, was convicted of driving an automobile while under the influence of whisky. The motion for new trial was denied. Counsel for the defendant, upon appeal, has abandoned the general grounds and relies only on one special ground which assigns error because it is alleged that the trial court erred in denying the motion for a mistrial, which motion was based on the allegation that a witness for the State put the character of the defendant in issue. The record shows that when the colloquy in question occurred the witness was on cross-examination. Counsel for the defendant contends that the witness should have answered the question by a simple "yes" or "no," and should not have gone into the fact that the defendant had been on the chain gang and had been paroled.

A verdict is never demanded in a criminal case in favor of the State where the defendant in a statement to the jury denies his guilt. The evidence does amply support the verdict. But the question must be met and decided whether, when the witness volunteered that the defendant was out on parole, and counsel for the defendant moved for a mistrial, the court's statement, "I will exclude it but I don't think it is sufficient grounds for mistrial" was error requiring reversal. The case should not be put on the ground that the ruling was error which was harmless because the evidence demanded a verdict of guilty.

In *Felton* v. *State,* 93 *Ga. App.* 48 (90 S.E.2d 607) it was pointed out that peace officers who are witnesses for the State, and who have special training in the field of criminal procedure, have every opportunity to know the basic rules of criminal evidence, including the one that the jury is not to be prejudiced by the injection of the defendant's character in issue when he has not placed it in issue, and that "voluntary" remarks by such witnesses with a view to placing before the jury that which, if done by a question or remark on the part of the solicitor, would be error, will not be condoned. While motions for mistrial are addressed largely to the discretion of the trial judge, and he may obviate the necessity for mistrial by proper instructions, the court here said merely, "I will exclude it," and gave the jury no instructions whatever.

Under the record of this case, it was error to deny the motion for a mistrial, no other corrective measures having been taken.

*Judgment reversed.   Townsend and Carlisle, JJ., concur.*

DECIDED MARCH 24, 1960.

*Casey Thigpen,* for plaintiff in error.
*Thomas A. Hutcheson, Solicitor,* contra.