## 29496. HOLLOWAY v. HOPPER.

PER CURIAM.

The transcript in this case shows that the appellant tried, within 30 days of his conviction, to communicate to his appointed counsel that he wanted to appeal his March 27, 1973, conviction. At the habeas corpus hearing, appellant's trial counsel testified that he received a telephone call on April 25, 1973, from a legal services representative at the Georgia Diagnostic and Classification Center on behalf of appellant. He further testified that in this telephone conversation the legal services representative "said that he'd been talking with [appellant] and that [appellant] was interested in pursuing an appeal . . ." Counsel further testified that he told the legal services representative he was disappointed in the verdict but that he felt there was no basis for an appeal. However, he also testified that the legal services representative "did not instruct me as an agent for [the appellant] to make an appeal."

Trial counsel also testified at the habeas corpus hearing that he advised appellant of his right to appeal but that probably he did not "tell him that he had thirty

days in which to do it." The appellant testified that he wrote a letter from the Jackson Diagnostic Center, within 30 days of his conviction, to his trial counsel requesting him to file an appeal. This letter was introduced at the habeas corpus hearing but bore no date and appellant's trial counsel could not recall when he received the letter. The letter from appellant states as follows: "I would like for you to file an appeal on my case for me. I am writing now because I know that my 30 days is about up and I do not want to lose my appeal."

The habeas corpus court was not convinced that appellant requested his attorney to appeal the case within the 30-day limit. This conclusion and the fact that trial counsel did not think there was any basis for appeal led the habeas corpus court to deny relief to appellant. The court's order cited a 1971 decision of this court (*Beavers v. Smith,* 227 Ga. 344, 348 (180 SE2d 717)), in which it is stated that, "The responsibility in determining whether to appeal rests upon counsel." Similar statements can be found in other earlier decisions of this court.

In our opinion, these earlier holdings are incorrect and should not be followed. Indeed, we cannot reconcile them with our recent unanimous decision in *Thornton v. Ault,* 233 Ga. 172 (210 SE2d 683) (1974), which we believe is correct. See, also, *Puckett v. State,* 233 Ga. 449 (1975); Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493), applicable to this case.

The judgment of the habeas corpus court must be reversed and remanded with direction that the convicting court enter an order providing for the appointment of counsel for an appeal from the original conviction to be filed and prosecuted at this time.

*Judgment reversed with direction. All the Justices concur, except Nichols, C. J., and Undercofler, P. J., who dissent.*

SUBMITTED DECEMBER 20, 1974 — DECIDED FEBRUARY 4, 1975.

*Thomas M. West,* for appellant.
*Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.