### 52703. THURSTON v. THE STATE.

McMURRAY, Judge.

Defendant was convicted of theft by taking in the unlawful appropriation of a 35 hp boat motor. He was sentenced to serve a term of five years. Motion for new trial was filed and denied, and defendant appeals. *Held:*

The evidence showed the motor was stolen at approximately 3:00 a.m. from the backyard of the home of the owner. Its loss was reported to the police approximately 30 to 45 minutes later. At approximately 5:50 a.m. another officer stopped the defendant, driving a pick-up truck, for a traffic violation and observed the motor in plain view in the back of defendant's truck. At the time of defendant's arrest he made an oral admission that he had purchased the subject motor from an unnamed individual and had receipt for the purchase, but could not produce it. Defendant testified he purchased it from a man driving a 1969 or 1970 green and brown Chevrolet truck and produced a bill of sale.

During the cross examination of a police officer, the witness first stated that he had only seen the defendant at the county jail. He was then asked if he had seen him some other place, to which he replied, "several months ago we apprehended some individuals and saw him. We asked him how long he had been out of jail . . ." Objection was then made by defense counsel who was cross examining him that it was not responsive and he moved for a mistrial. The court ruled that counsel had asked for the response and overruled the motion. Examination then continued with testimony as to where he had been seen, the fact that he had been out of jail and that if he heard anything going on to give the officers a call (referring to

violations of the law). The further cross examination of the witness with reference to the fact that defendant had previously been in jail and the officers were seeking to get him to help them prevent violations of the law by reporting them to him failed to show any prejudice arising out of the answer that the officers had asked him how long he had been out of jail. This testimony rendered the spontaneous reply harmless. There is no merit in the enumerations of error complaining of the denial of the motion for mistrial. No claimed violation of Code Ann. § 81-1009 such as in *Hooks v. State,* 101 Ga. App. 351 (114 SE2d 48), and *Felton v. State,* 93 Ga. App. 48 (90 SE2d 607) has been shown requiring the grant of a new trial here.

*Judgment affirmed. Marshall and Smith, JJ., concur.*

Submitted September 9, 1976 — Decided September 27, 1976.

*Schumacher, Collins & Oates, Samuel W. Oates, Jr.,* for appellant.

*E. Mullins Whisnant, District Attorney, Lovick Anthony, Assistant District Attorney,* for appellee.