A89A1535. HIGHTOWER v. THE STATE.
(386 SE2d 716)

BIRDSONG, Judge.

Appellant Eugene Hightower appeals pro se the order of the trial court denying appellant's motion for out-of-time appeal. Appellant asserts that the trial court abused its discretion in denying his motion for out-of-time appeal, particularly as the district attorney had no objections to the granting of his motion, his attorney failed to inform him of his right of appeal, and the trial court clearly had the authority to grant his motion.

Appellant was convicted on May 23, 1988, of two counts of selling

cocaine. On December 27, 1988, appellant filed a pro se motion for leave to file and proceed out-of-time appeal. A hearing was held on February 3, 1989, and an order was filed on March 21, 1989, denying the motion.

At the hearing, appellant testified under oath that he did not file a timely appeal, because he "thought [his] lawyer was supposed to file it." However, he also made a judicial admission that he did not ask his attorney to file an appeal, because "I didn't have time to ask him." Appellant attributed this failure to the fact that he was in jail and did not "see" his attorney anymore. Appellant's former defense counsel was present at the hearing and stated in his place that while the jury was deliberating he "went over for the *third* time the process of appeal" should appellant be convicted. (Emphasis supplied.) The attorney also stated that he discussed the same procedure with appellant's family at appellant's request.

Six days after the trial, the attorney sent to appellant, at the Butts County Jail, a letter as follows: "You may recall that *the Court told you that you had thirty days to file any notice of appeal* if you wished to appeal your conviction and sentence. At this time it is obvious that the family or yourself will not be engaging me to continue on to represent you. . . . I suggest that you tell the Sheriff or the Deputy there to notify the Court that you may need appointment of an attorney to handle your Appeal. On the other hand, if you have already secured private counsel to handle your Appeal, then that won't be necessary. . . . I am sending the Judge a letter to alert him that you may need appointment of counsel, and most particularly to alert him *that I will not be pursuing the Appeal for you.*" (Emphasis supplied.) Appellant's trial attorney also sent a letter to the trial judge informing him inter alia that appellant would not be engaging the attorney's services to pursue an appeal, and that he may need appointment of counsel.

Appellant's trial attorney also stated that appellant had given him "permission and direction" to speak with his son, Emanuel, about all facets of his case. The attorney held a conference with the son, and was directed "not to proceed unless [he] heard further." This conference occurred before the expiration of the appeal period, and the son informed the attorney that appellant "would make the arrangements he wished to." Appellant did seek a sentence review. Appellant's trial attorney further stated that he had no indication at all that appellant desired to appeal. The trial judge stated at the hearing that it was his "standard practice" to advise all defendants who have a bench or jury trial of their "right to appeal and the necessity of filing notice of appeal in writing with the Clerk of the Court." The trial court concluded that whether the court had advised appellant of his right to appeal that the attorney had done so. Appellant denied

that he had received the attorney's letter while in prison; however, he did not expressly deny being orally advised by his attorney during the jury's deliberations. *Held*:

As a general rule, this court will attempt to render a decision on the merits of every criminal appeal. See *Conyers v. State*, 183 Ga. App. 591 (359 SE2d 454). But, this rule is not without legitimate exceptions. *For example*, "[i]f a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court." *State v. Denson*, 236 Ga. 239, 240 (223 SE2d 640); see *Willis v. State*, 189 Ga. App. 404 (377 SE2d 552).

The direct and circumstantial evidence of record is overwhelming, and we conclude, that appellant was thoroughly advised of and was aware of his right to make a *timely* appeal; that appellant never requested his trial attorney to file an appeal in his behalf; that appellant directed his attorney to consult with and accept *direction* from appellant's son, regarding further representation of appellant on appeal; that the attorney was directed by the son not to proceed with the appeal unless further notified; that the trial attorney thereafter was not directed to proceed; that appellant was aware that his trial attorney would *not* be representing him in submitting an appeal; that the trial attorney took reasonable measures to notify appellant that the attorney would not be submitting an appeal in his behalf; and that the trial attorney took reasonable measures to inform appellant of the steps that needed to be taken if the accused subsequently desired to appeal timely, and also notified the trial judge of appellant's potential need for future appointment of counsel should appellant thereafter elect to exercise his appellate rights.

We further find, based on the evidence contained in the hearing transcript, that appellant knowingly, voluntarily, and intentionally failed to submit timely a notice of appeal, thereby waiving his right thereto. We also find that the conduct of appellant in failing to appeal timely is not due to any inadequacy of counsel within the meaning of *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821).

Based on the posture of the evidence, we are satisfied that the trial court did not breach its discretion in denying appellant's motion for out-of-time appeal. Compare *Campbell v. State*, 192 Ga. App. 316 (385 SE2d 14).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 18, 1989.

Eugene Hightower, *pro se*.

*Tommy K. Floyd*, District Attorney, *Thomas R. McBerry*, Assistant District Attorney, for appellee.