A90A1930, A90A2285, A90A2286. KILGO v. THE STATE
(three cases).
(403 SE2d 216)

BEASLEY, Judge.

These three companion appeals emanate from defendant's conviction and sentence on December 4, 1987, for trafficking in cocaine, possession of marijuana, driving under the influence of intoxicants, and driving too fast for conditions. The facts underlying the convictions are not necessary to a consideration of the appeal, but the moral of the story seems to be: "Don't put your cocaine in a cooler or you'll end up in a slammer."

No timely appeal was filed and no timely request was made for a sentence review of his 25-year sentence for trafficking. However, in response to an out-of-time motion a sentence review hearing was held on August 26, 1988, at which the sentence was upheld. During 1988 and 1989 defendant pro se engaged in considerable correspondence

with the trial court clerk and judge in an unsuccessful attempt to procure a trial transcript.

In October 1989 defendant filed a habeas corpus action which culminated in an adverse decision in January 1990. In late 1989 and 1990 Defendant filed various motions, including a motion for an out-of-time appeal and a motion for new trial. His motion for new trial was denied May 11, 1990. He then attempted to amend his motion for out-of-time appeal which amendment was denied on June 1, 1990. Case No. A90A1930 seeks review of this decision.

Defendant filed another motion for out-of-time appeal and a motion for mandamus which named the trial court judge as a party. On August 6, 1990, the trial court issued an order which explained that its previous order was intended to dispose of all defendant's motions, including the motion for new trial, up to June 15 when the notice of appeal in Case No. A90A1930 was filed. The trial judge chose to recuse himself because of the mandamus action against him. This was the subject of appeal in Case No. A90A2285.

On August 16 the replacement judge, based on the assumption that "any alleged errors arising from the trial in this court were addressed by the habeas court," denied the latest motion for out-of-time appeal. This is Case No. A90A2286.

1. Case No. A90A1930 is not directly appealable because it is interlocutory, involving the ruling denying an amendment to a motion for out-of-time appeal, and also the issue has been rendered moot by subsequent orders. It is therefore dismissed as moot.

2. Case No. A90A2285 is also dismissed because the only cognizable issue is framed by Case No. A90A2286.

3. In Case No. A90A2286 defendant contends that his motion for out-of-time appeal should have been granted because he was not timely informed of his right to appeal and his right to have his sentence reviewed by a sentence review panel. Because his sentence was reviewed, the sole issue remaining is whether defendant was deprived of his right to be informed about the necessity of a direct appeal within 30 days of the judgment against him.

Defendant is entitled to be advised of and insist upon his right to appeal and to be informed of his right to counsel on appeal. *Reid v. State*, 235 Ga. 378 (219 SE2d 740) (1975); *Kreps v. Gray*, 234 Ga. 745 (218 SE2d 1) (1975); *Hopkins v. Hopper*, 234 Ga. 236 (215 SE2d 241) (1975); *Holloway v. Hopper*, 233 Ga. 615 (212 SE2d 795) (1975); *Thornton v. Ault*, 233 Ga. 172 (210 SE2d 683) (1974). The failure to so inform defendant is a primary basis for the grant of an out-of-time appeal. See *Shirley v. State*, 188 Ga. App. 357, 359 (373 SE2d 257) (1988).

Under the Federal Rules of Criminal Procedure, Rule 32 (a) (2) 18 USCA, the trial court is required to inform defendant of his appel-

late rights. Georgia, while requiring defendant to be so advised, has not specifically placed the burden on the trial court, permitting defendant to be informed by his counsel or by the court. Chief Justice Nichols, specially concurring in *Kreps*, supra at 748, announced that he would require "that the record in the convicting court show that the defendant was properly advised of his right of appeal either by his attorney or by the court." Where defendant is acting pro se, the burden should be upon the trial court to insure that defendant is informed of his rights. See *Jacobs v. State*, 184 Ga. App. 869 (363 SE2d 155) (1987).

Defendant, at the time of sentencing, was represented by appointed trial counsel. Insofar as the record reveals, the trial court did not advise defendant as to his right to appeal. Compare *Clarke v. Zant*, 247 Ga. 194, 197 (275 SE2d 49) (1981), which requires a record to be made regarding right to counsel. However, the record in this case has been supplemented with a copy of the detailed and unappealed order in the habeas court which found that defendant was not only aware of his right to appeal, but in consultation with his trial counsel chose not to exercise that right.

Thus defendant was not deprived of his right to appeal by ignorance on his part of either that right or of the time limits involved. If it was error for the court not to explain these rights at trial, the error was harmless. Where error is harmless, reversal is not indicated. Cf. *Thornton v. Ault*, 233 Ga. 172, supra.

*Judgment affirmed in Case No. A90A2286; appeals dismissed in Case Nos. A90A1930 and A90A2285. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 7, 1991 —
REHEARING DENIED FEBRUARY 28, 1991.

Ronald Jerry Kilgo, *pro se.*

*William A. Foster III, District Attorney, Thomas V. Driggers, Assistant District Attorney*, for appellee.