## A91A1993. WILLIAMS v. THE STATE.

(414 SE2d 712)

BIRDSONG, Presiding Judge.

George Daniel Williams appeals his conviction for possession of cocaine. Deputies Smith and Watkins were patrolling an area known for a high incidence of drug sales. Deputy Watkins testified that Dep-

uty Smith called his attention to appellant by saying "watch that subject . . . he just threw something." Deputy Smith testified he saw appellant lean in a stopped vehicle and then walk away; as the patrol car pulled up, Deputy Smith saw appellant throw something into the back of a pickup truck. The officers asked appellant to put his hands up on the truck, and Deputy Smith saw suspected crack cocaine in the back of the truck. *Held:*

1. The trial court did not err in allowing Deputy Watkins to testify that Deputy Smith told him he saw appellant "throw something"; the evidence was not inadmissible hearsay. The testimony was given by Deputy Watkins to explain his and Deputy Smith's stop and their arrest of appellant, and not to prove the truth of whether appellant "threw something." It therefore was original evidence under OCGA § 24-3-2. *Harrell v. State*, 241 Ga. 181, 183-186 (243 SE2d 890); see *Davis v. State*, 242 Ga. 901, 905-906 (252 SE2d 443). Both deputies were available for cross-examination; Watkins was cross-examined at length on the point and readily testified he himself did not see appellant "throw something"; the jury could not have inferred Deputy Watkins was attempting to prove appellant did so.

2. Appellant contends the trial court erred in admitting irrelevant testimony by which the State sought to impeach a defense witness, causing appellant irreparable harm. Appellant argues generally that irrelevant evidence is inadmissible, and points out a page and lines in the transcript where appellant asserts such evidence exists, but he makes no mention in his brief as to what the offending evidence was or why it caused him prejudice. It is the duty of appellant to show error by the record and mere assertions of error in the brief do not suffice. *Harrell v. Louis Smith Mem. Hosp.*, 197 Ga. App. 189, 190 (397 SE2d 746). Enumerations of error not supported by argument are deemed abandoned (*Whatley v. State*, 197 Ga. App. 489 (398 SE2d 807)), and to the extent that appellant makes no explanation as to why any particular evidence was irrelevant, he has failed to argue his allegation of error, and has not borne his burden to prove error on appeal.

3. Appellant contends the trial court erred in failing to give a requested charge "that a verdict for the state is never demanded when the defendant denies his guilt to the jury." This is a misleading statement of law, and the trial court did not err in refusing to give such a charge. The case cited by appellant concerned a prejudicial error which required a mistrial despite the prosecution's contention that the evidence "demanded" a conviction, and the statement appellant sought to be charged to the jury applied to the appellate court's assessment of "harm" in the error, rather than the jury's assessment of guilt. *Hooks v. State*, 101 Ga. App. 351 (114 SE2d 48).

In its regular assessment of the evidence, the jury might conclude

that the evidence "demanded" a verdict of guilty even though a defendant denies his guilt. It therefore would have been confusing and misleading, and prejudicial to the State, to charge that where a defendant denies his guilt a conviction is not "demanded." The jury verdict of guilty in this case is sustainable under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

*Judgment affirmed. Cooper, J., concurs. Pope, J., concurs specially.*

POPE, Judge, concurring specially.

I concur specially with Division 2 of this opinion. I disagree with the majority's conclusion that appellant did not sufficiently present this enumeration of error to the court. The error alleged by appellant concerning the trial court's admittance of certain irrelevant evidence, however, does not rise to the level of harmful error and does not require reversal of defendant's conviction. *Kilgo v. State*, 198 Ga. App. 762, 764 (403 SE2d 216) (1991).

DECIDED JANUARY 14, 1992.

*M. Byron Morgan*, for appellant.

*Robert E. Keller, District Attorney, Albert B. Collier, Assistant District Attorney*, for appellee.