S93A1198, S93A1940. LANE v. THE STATE (two cases).
(436 SE2d 9)

CLARKE, Chief Justice.

In December 1989, the appellant, Jimmy Harry Lane, was convicted of the malice murder of Chris B. Bradley, and sentenced to life imprisonment. The appellant filed neither a motion for new trial nor a notice of appeal. In December 1990, the appellant filed a motion in the trial court, seeking to obtain trial documents which would assist him in pursuing "post-conviction relief." The trial court denied the motion, noting that such documents were available only for purposes of appeal. The appellant's subsequent motion for a trial transcript, prepared at state expense, was also denied.

In November 1992, the appellant filed a pro se motion for an out-of-time appeal which the trial court denied. The appellant then filed a pro se notice of appeal from that order, after which the trial court appointed counsel to represent him in this appeal.

1. Appellant first argues that the trial court erred in denying his motion for an out-of-time appeal because the record does not show that the appellant was informed of his right to an appeal.

However, the record affirmatively shows that, following sentencing, the trial court informed the appellant that he had the right to appeal the judgment; that it was necessary to file the appeal within 30 days of that date; and directed the appellant to file his notice of appeal in the clerk's office of that court. Further, the trial court informed the appellant that if he desired an attorney to pursue his appeal, the trial court would appoint one.

2. The appellant argues that the record shows he is entitled to an

out-of-time appeal because trial counsel abandoned the appeal in this case, and rendered ineffective assistance in so doing.

This court has held that an out-of-time appeal is appropriate where "due to the ineffective assistance of counsel, no appeal has been taken." *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991); *Williams v. State*, 251 Ga. 83 (303 SE2d 111) (1983). The record in this case does not show, however, that appellant's trial counsel abandoned his appeal. Rather, the record is silent on what transpired between appellant and his attorney following appellant's conviction. What the record does show is that appellant retained his attorney; that following conviction, appellant was informed by the trial court that "if you need a lawyer to represent you in an appeal, the court will appoint appellate counsel for you"; and that in his motion for an out-of-time appeal, filed almost three years following conviction, appellant stated that the delay in requesting an appeal was due to medical problems. The record does not support appellant's contention, raised for the first time in the appeal before this court, that trial counsel abandoned the appellant's direct appeal. As the appellant has failed to meet his burden of showing that his failure to file a timely appeal was due to the ineffectiveness of his trial counsel, we hold that the trial court did not err in denying his motion for an out-of-time appeal.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 8, 1993.

*Megan C. DeVorsey*, for appellant.
*Lewis R. Slaton, District Attorney, Barry I. Mortge, Assistant District Attorney, Michael J. Bowers, Attorney General*, for appellee.