## S96A0015. SMITH v. THE STATE.
### (470 SE2d 436)

CARLEY, Justice.

After Marvin Smith pled guilty to two counts of murder, he did not file a timely direct appeal. He subsequently filed a motion for an out-of-time appeal, contending that trial counsel rendered ineffective assistance since Smith was not informed of his right to appeal. Smith appeals from the trial court's denial of his motion for an out-of-time appeal.

An out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken. *Lane v. State*, 263 Ga. 517, 518 (2) (436 SE2d 9) (1993). It is "the remedy for a frustrated right of appeal. . . . [Cit.]" *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995). Accordingly, Smith's motion for an out-of-time appeal was properly denied unless he had a *right* to file a timely direct appeal which was frustrated by the ineffective assistance of his counsel.

A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial. However, Smith's judgments of conviction and sentences were entered after he pled guilty. A criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea "only if the issue on appeal can be resolved by facts appearing in the record. [Cit.]" *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995). Accordingly, the denial of Smith's motion for an out-of-time appeal can be reversed "if, and only if, the questions that he seeks to raise on appeal may be resolved by facts appearing in the record, including the transcript of his guilty plea hearing." *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996).

As the movant, Smith had the burden to show a " 'good and sufficient' " reason for his entitlement to an out-of-time appeal. *Rowland v. State*, supra at 875 (2). Smith could not meet that burden merely by showing that he was not informed of his "rights" at the guilty plea hearing, but was required to show that he actually had a *right* to file a timely direct appeal which was frustrated by the ineffective assistance of his counsel. If Smith "had no right to file even a timely notice of appeal from the judgment of conviction entered on [his] guilty plea, he was not entitled to be informed of a non-existent 'right' to appeal." *Morrow v. State*, supra at 4. Smith could not meet his burden of proof without showing that the questions he would raise on appeal could be resolved by facts appearing in the record, including the transcript of his guilty plea hearing. *Caine v. State*, supra. The defendant in *Morrow* affirmatively failed to meet his burden because the ques-

tions he proposed to raise on appeal could not be resolved by facts appearing in the record. Smith also failed to meet his burden because he proposed no questions to raise on appeal which could be resolved by facts appearing in the record. Instead he merely asserted that he was not informed of his "right" to appeal. As has been pointed out, there is *no* absolute right to appeal from a judgment of conviction entered on a guilty plea.

Accordingly, Smith's failure to meet his burden of showing a good and sufficient reason for his entitlement to an out-of-time appeal requires affirmance of the trial court's denial of his motion for an out-of-time appeal.

*Judgment affirmed. All the Justices concur, except Benham, C. J., Fletcher, P. J., and Sears, J., who dissent.*

BENHAM, Chief Justice, dissenting.

"[T]he defendant in any criminal proceeding . . . may appeal from any sentence, judgment, decision, or decree of the court. . . ." OCGA § 5-6-33. By creating a statutory right to appeal (*Thomas v. State*, 260 Ga. 262, 263 (392 SE2d 520) (1990)), Georgia has made its appellate courts " 'an integral part of the . . . system for finally adjudicating the guilt or innocence of a defendant, [cit.]. . . .' " *Evitts v. Lucey*, 469 U. S. 387, 393 (105 SC 830, 83 LE2d 821) (1985). In the last six months, this Court has eroded the statutory right of appeal of the criminal defendant who pleads guilty. In *Morrow v. State*, 266 Ga. 3 (463 SE2d 472) (1995), this Court determined that Morrow had no right to file an appeal; in *Caine v. State*, 266 Ga. 421 (467 SE2d 570) (1996), this Court dismissed Caine's appeal in which he claimed that the counsel representing him when he pled guilty did not render effective assistance of counsel; today, this Court eviscerates the right of appeal by ruling that a guilty plea criminal defendant seeking an out-of-time appeal alleging ineffective assistance of counsel must divulge the arguments he would present on appeal as a condition precedent to being permitted to file the appeal. No other class of criminal defendant is required to make such a showing in order to obtain the statutory right of appeal, and this Court's invention of such a new procedural hurdle is a curtailment of the guilty plea criminal defendant's constitutionally-guaranteed rights of due process and equal protection. *Evitts v. Lucey*, supra, 469 U. S. at 393. " 'Once the State has created a right of appeal, it must "offer such defendant a fair opportunity to obtain an adjudication on the merits of his appeal. [Cit.]" The majority has denied [Smith] such a "fair opportunity" by reducing his right of appeal to a "meaningless ritual" by precluding him from effectively asserting his appellate arguments. [Cit.]' *Morrow v. State*, [supra,] (Sears, J., dissenting)." *Caine v. State*, supra at 424 (Benham, C. J., dissenting).

When faced with the appeal of a guilty plea defendant, appellate review is limited to resolving the questions raised by applying the law to the facts appearing in the record. *Smith v. State*, 253 Ga. 169 (316 SE2d 757) (1984). See also *Caine v. State*, supra (Benham, C. J., dissenting). This holding has been used to curtail severely the issues a guilty plea defendant may raise in an appeal. See, e.g., *Morrow v. State*, supra. What is especially ironic in the majority's treatment of the appeal before us is the fact that reference to the record and transcript of Smith's guilty plea shows that Smith was never fully informed that he had the right to appeal his plea of guilty — he was not informed of the availability of appointed counsel to pursue an appeal or the time frame within which such appellate right must be exercised. *Bell v. Hopper*, 237 Ga. 810 (229 SE2d 658) (1976); *Kilgo v. State*, 198 Ga. App. 762 (3) (403 SE2d 216) (1991); *Mobley v. State*, 162 Ga. App. 23 (1) (288 SE2d 702) (1982). See *Holloway v. Hopper*, 233 Ga. 615 (212 SE2d 795) (1975). See also *Lane v. State*, 263 Ga. 517 (436 SE2d 9) (1993). The failure to inform a defendant of his appellate rights constitutes ineffective assistance of counsel, entitling the defendant to an out-of-time appeal in order to exercise the right of appeal denied him by his attorney's shortcoming. *Bell v. Hopper*, supra, 237 Ga. 810. The sole question presented by this appeal is whether the trial court erred in denying appellant an out-of-time appeal, thereby effectively denying him "a fair opportunity to obtain an adjudication on the merits of his appeal." *Evitts v. Lucey*, supra, 469 U. S. at 405. Inasmuch as trial counsel is primarily responsible for informing the client of his appellate rights (see *Kreps v. Gray*, 234 Ga. 745, 748 (218 SE2d 1) (1975) (Nichols, C. J., concurring specially)), a remand of this case to the trial court is appropriate, in order that a hearing might be held at which time appellant's former counsel could be questioned concerning what he told appellant about the full panoply of appellate rights. *Evans v. State*, 198 Ga. App. 537 (402 SE2d 131) (1991). If counsel appropriately informed appellant of his right to appeal and the failure to appeal was due to appellant's inaction, appellant is not entitled to an out-of-time appeal. *Henry v. Hopper*, 235 Ga. 196 (219 SE2d 119) (1975). If, however, the failure to appeal was due to counsel's inaction in either failing to inform appellant of his appellate rights or in failing to pursue an appeal at appellant's request, appellant is entitled to an appeal. See *Evans v. State*, supra, 198 Ga. App. at 538. These issues must be decided before appellant's right to an out-of-time appeal can be determined. If appellant was not fully informed of his right of appeal, he is entitled to exercise that right out of time. It is only when appellant exercises the right of appeal to which he may be entitled that the reviewing court should examine whether the questions raised can be resolved by the appellate record. This Court does a disservice to constitutional rights

and the appeal process by short-circuiting it when the appellant is a defendant who pled guilty.

Because I cannot condone the affirmance of the trial court's action when the guilty plea record and transcript clearly reflect that appellant was not fully informed of his right of appeal, I must dissent.

I am authorized to state that Presiding Justice Fletcher and Justice Sears join this dissent.

DECIDED MAY 20, 1996.

Marvin Smith, *pro se.*

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.