A99A0354. DOVER v. THE STATE.
(516 SE2d 839)

BARNES, Judge.

Herman Mitchell Dover appeals the denial of his motion for an out-of-time appeal. After Dover pleaded guilty to statutory rape in 1997, he filed a motion to withdraw his guilty plea in July 1997. Although this motion was denied on January 9, 1998, Dover did not file a notice of appeal from the denial of this motion until February 11, 1998. Consequently, this appeal was dismissed by this Court because the notice of appeal was not timely filed.

Subsequently, Dover filed a motion seeking permission for an out-of-time appeal of his motion to withdraw his guilty plea. Dover asserted that an out-of-time appeal should be granted because his failure to pursue his appeal in a timely manner was either the result of excusable neglect on the part of his attorney or the ineffective assistance of his counsel in filing the untimely notice of appeal. Nothing Dover presented in support of his motion for an out-of-time appeal, however, provided any information regarding the basis for seeking the withdrawal of his guilty plea. After his motion was denied by the trial court, Dover filed this appeal.

The trial court's order denying the motion stated that the case was controlled by our Supreme Court's recent decision in *Wheeler v. State*, 269 Ga. 547, 548 (499 SE2d 629) (1998):

As the movant for an out-of-time appeal, appellant had to establish a good and sufficient reason which entitled him to an out-of-time appeal. *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). To meet this burden of proof, appellant had to set forth the questions he would raise should the appeal be granted, and show that the questions could be resolved by facts appearing in the appellate record. Id. Appellant has alleged only that his attorney's inadequate performance was the reason why no timely appeal was filed; appellant has not set forth the questions he would raise in an out-of-time appeal and that the questions could be resolved by facts in the record.

Therefore, the trial court found that Dover's motion failed to satisfy his burden under *Wheeler v. State*. We agree.

The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion. See *Hightower v. State*, 192 Ga. App. 836 (386 SE2d 716) (1989). We find no abuse of discretion in this case. Nothing in Dover's pleadings regarding his out-of-time appeal so much as mentioned the issues he would raise if his out-of-time appeal were granted, or whether the issues could be resolved by facts appearing in the appellate record. See *Wheeler*, supra, 269 Ga. at 548. Further, even though Dover has attempted to correct this deficiency by reciting the required information in his appellate brief, a party cannot supplement the record by statements in his appellate brief. *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893) (1989).

*Judgment affirmed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 28, 1999.

*Gary P. Bunch*, for appellant.
*N. Stanley Gunter, District Attorney*, for appellee.

