## S01A0597. BAKER v. THE STATE.
(545 SE2d 879)

BENHAM, Chief Justice.

After the jury was selected to try the State's death penalty case against appellant Leroy K. Baker, Jr., in 1995, appellant entered guilty pleas to malice murder and armed robbery, and received two consecutive sentences of life imprisonment.[1] Appellant and the State entered into a written agreement whereby, in exchange for the guilty pleas, the State agreed not to seek the death penalty against appellant, and appellant consented to the consecutive life sentences, waived parole consideration until he had served 30 years, and waived his right to appeal "any issue that might have already arisen or that might arise during the trial of the issue of sentence in this case." Five years later, appellant filed a pro se motion for out-of-time appeal in which he asserted his trial counsel had been ineffective for failing to tell him of his right to appeal, in failing to file a notice of appeal, and in failing to inform appellant that his entry of a guilty plea constituted a waiver of his right to seek a writ of habeas corpus in federal court. Appellant also contended that the trial court had erred in failing to inform appellant of his right to appeal the guilty pleas and the sentences entered thereon. In a written order, the trial court denied the motion for out-of-time appeal, finding without merit appellant's assertion that counsel had been ineffective because counsel and the trial court had purportedly not informed appellant of his right to appeal his sentence. The trial court determined that it was clear from the record that appellant knew of his right to appeal his sentence and

---

[1] Appellant was indicted for the malice murder and armed robbery of Juanita Renee Ash, a convenience store clerk, who was killed in June 1993 when a customer, identified as appellant, broke a beer bottle and severed her carotid artery as she attempted to clean up the spilled beer. Her assailant then broke the cash register and ran off with the cash drawer. Witnesses captured appellant and held him for police. In August 2000, appellant filed a motion for out-of-time appeal, which motion the trial court denied in October 2000. Appellant, acting pro se, timely filed a notice of appeal from the order denying the motion for out-of-time appeal. The appeal was submitted for decision on the briefs.

had affirmatively waived that right by signing the plea agreement in which he agreed to give up the right to appeal "any issue that might have already arisen or that might arise during trial on the issue of sentence in this case."

1. An out-of-time appeal is available when a direct appeal was not taken due to ineffective assistance of counsel. *Lane v. State*, 263 Ga. 517 (2) (436 SE2d 9) (1993). In the case at bar, the trial court determined that appellant's assertions of ineffective assistance of counsel were without merit in light of appellant's signed plea agreement in which he waived his appeal rights. Since the trial court's factual findings are not clearly erroneous, the trial court did not err when it denied appellant's motion to file an out-of-time appeal. See *Taylor v. State*, 266 Ga. 129 (464 SE2d 385) (1996).

2. Appellant finds fault in the trial court's failure to conduct an evidentiary hearing on the motion for out-of-time appeal. Such a hearing is necessary when the trial court is unable to determine from the record who was responsible for the failure to file a timely direct appeal. See, e.g., *Eisele v. State*, 238 Ga. App. 289 (519 SE2d 9) (1999). In the case at bar, the trial court denied the motion for out-of-time appeal after determining from the record of appellant's guilty plea that appellant had waived his right to appeal. Accordingly, no hearing was necessary.

3. Appellant's remaining enumerations[2] either cannot be the subject of an out-of-time appeal from a guilty plea because the issues cannot be decided on the existing record (see *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997)), or were waived because they were not raised in the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 2001 —
RECONSIDERATION DENIED JUNE 4, 2001.

Leroy K. Baker, Jr., *pro se.*

*J. Gray Conger, District Attorney, Roger H. Anderson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.

---

[2] Appellant also contends the trial court erred in denying a motion to suppress and in denying a motion contending the grand jury was not a cross-section of the community, and that trial counsel was ineffective in failing to attack the indictment, the commitment hearing, and the grand jury evidence.