## A01A1881. NEISLER v. THE STATE.
(556 SE2d 258)

MIKELL, Judge.

David Tony Neisler appeals the denial of his motion for an out-of-time appeal and petition for mandamus. Neisler pleaded guilty to three counts of vehicular homicide and one count of serious injury by vehicle on April 15, 1992. Following a pre-sentence investigation, Neisler came before the trial court for sentencing on June 8, 1992. The trial court announced that it would not accept the negotiated

sentence of 15 years to serve and provided Neisler and his attorney with the opportunity to withdraw the guilty plea. After conferring with his counsel, Neisler elected not to withdraw his plea. The court sentenced Neisler to a total of 40 years to serve. Neisler filed a motion to modify his sentence on October 19, 1992, and after a hearing, the court denied the motion on January 25, 1993.[1] Nearly eight years after he was sentenced, Neisler, acting pro se, filed a motion for an out-of-time appeal on May 24, 2000, and a petition for mandamus on October 15, 2000, in which he demanded that a hearing be scheduled on his motion.[2] The court denied both the motion for an out-of-time appeal and the petition for mandamus in an order entered March 20, 2001. This appeal followed. We affirm the judgment of the trial court.

1. The trial court properly denied Neisler's motion for an out-of-time appeal because Neisler did not meet his burden of establishing that his failure to file a timely appeal was caused by ineffective assistance of counsel and that the issues he would raise on appeal could be resolved by facts appearing in the record. *Wheeler v. State*, 269 Ga. 547, 548 (499 SE2d 629) (1998); *Lane v. State*, 263 Ga. 517, 518 (2) (436 SE2d 9) (1993). "The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion. [Cit.] We find no abuse of discretion in this case." *Dover v. State*, 237 Ga. App. 797, 798 (516 SE2d 839) (1999).

First, the court did not err in denying the motion based on Neisler's claim of ineffective assistance of counsel. It is well settled that "an out-of-time appeal is appropriate where 'due to the ineffective assistance of counsel, no appeal has been taken.'" *Lane*, supra, citing *Hunter v. State*, 260 Ga. 762 (399 SE2d 921) (1991); *Williams v. State*, 251 Ga. 83 (303 SE2d 111) (1983). In his motion for an out-of-time appeal and in the present appeal of the denial of that motion, Neisler claims that his trial counsel was ineffective because he did not acquaint himself with the law and facts of the case. Significantly, Neisler has never claimed that his counsel's negligence caused the substantial delay in filing a notice of appeal. In fact, Neisler offers no explanation for the delay. Accordingly, because Neisler has not alleged that his right to file an appeal was frustrated by the ineffectiveness of his counsel, the court did not err in denying his motion for an out-of-time appeal on this ground. See *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996); *Lane*, supra. Compare *Glass v. State*, 248 Ga. App. 91, 92 (1) (545 SE2d 360) (2001).

---

[1] Additionally, the Sentence Review Panel of Georgia affirmed Neisler's sentence.

[2] Although the record does not contain a copy of the petition for mandamus, it is expressly denied in the trial court's order.

Additionally, we note that the transcript of the guilty plea indicates that contrary to Neisler's argument, defense counsel was familiar with the evidence and the applicable law. Specifically, the prosecutor represented to the court that he had spoken with defense counsel extensively about the case and that defense counsel was familiar with the evidence. Neisler's counsel told the court that he had conducted discovery, reviewed the evidence, visited the scene of the accident, interviewed a number of witnesses, and discussed the evidence with Neisler and his mother. When the court asked Neisler if he was "satisfied that [counsel had] considered all of the surrounding facts and possible defenses" and if he was satisfied with his attorney's services, he responded affirmatively.

The trial court's denial of the motion for an out-of-time appeal was also proper because Neisler failed to demonstrate that the issues he would raise on appeal could be resolved by facts appearing in the record. In *Smith v. State*, supra, the Supreme Court held that a motion for an out-of-time appeal should be denied "unless [the defendant] had a *right* to file a timely direct appeal which was frustrated by the ineffective assistance of his counsel." (Emphasis in original.) In the case sub judice, the trial court properly found that Neisler failed to demonstrate that he possessed such a right to file a direct appeal. "A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record." (Citation and punctuation omitted.) Id.

Other than his argument regarding ineffective assistance of counsel, Neisler raised the following grounds for appeal in his motion: that the state lacked evidence to support the charges against him; that there was insufficient evidence to support the grand jury's indictment; and that the trial judge was biased against him. As the movant, Neisler had the burden of demonstrating a "good and sufficient" reason for his entitlement to an out-of-time appeal. *Wheeler*, supra; *Dover*, supra. However, Neisler failed to satisfy his burden by showing that the questions he sought to raise on appeal could be resolved by looking to the record. First, the record does not contain evidence to resolve the issues Neisler raises regarding the sufficiency of the evidence against him. Additionally, Neisler has not demonstrated evidence in the record that would indicate bias on the part of the trial judge. Accordingly, the trial court did not err in denying Neisler's motion for an out-of-time appeal. See *Smith*, supra.

2. We also reject Neisler's argument that the trial court erred in denying his petition for mandamus. Neisler sought to compel the clerk of court to schedule a hearing on his motion for an out-of-time appeal. A writ of mandamus may issue to compel the performance of an official duty if a petitioner has a clear legal right to have the par-

ticular act performed. *McClure v. Hightower*, 237 Ga. 157, 158 (227 SE2d 47) (1976); OCGA § 9-6-20. Because Neisler did not have a clear legal right to a hearing on his motion for an out-of-time appeal, he was not entitled to a writ of mandamus. *Baker v. State*, 273 Ga. 842, 843 (2) (545 SE2d 879) (2001) (no hearing necessary on motion for out-of-time appeal when record of guilty plea shows appellant waived his right to appeal). Accordingly, the court did not err in denying Neisler's petition.

3. Neisler has enumerated additional errors regarding the validity of his guilty plea, alleged defects in the indictment, the victim impact testimony allowed at the sentencing hearing, whether the trial court improperly considered improper factors in rendering his sentence, and whether the trial court prematurely directed that Neisler be placed in the state prison system. Because Neisler failed to file a timely appeal of his conviction and sentence, and because the trial court denied Neisler's motion for an out-of-time appeal, these enumerated errors are not properly before us, and we lack jurisdiction to consider their merits. *Davis v. State*, 233 Ga. App. 825, 826-827 (505 SE2d 801) (1998); OCGA § 5-6-38 (a).

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED NOVEMBER 9, 2001 —
RECONSIDERATION DENIED JANUARY 10, 2002 —

David T. Neisler, *pro se.*

*Philip C. Smith, District Attorney, Sandra A. Partridge, Assistant District Attorney*, for appellee.