## A02A0942. WHEELER v. THE STATE.
### (564 SE2d 765)

PHIPPS, Judge.

In 1995, an indictment was returned charging Richard Wheeler with numerous counts of child molestation and aggravated child molestation. He was tried in 1996, but a mistrial was declared when the jury was unable to reach a unanimous verdict. During a second trial the next month, Wheeler pled guilty to one count of child molestation. Five years later, he moved for an out-of-time appeal. The trial court denied Wheeler's motion on various grounds. For reasons which follow, we affirm.

Wheeler challenges the validity of his guilty plea based on claims that (1) his attorney coerced him into entering the plea; and (2) the trial court at the guilty plea hearing failed to inform him of the rights he was waiving, including his right to sentence review, and did not establish a factual basis for the plea by inquiry on the record.

To establish entitlement to an out-of-time appeal, a criminal defendant has the burden of establishing that his failure to file a timely appeal was caused by ineffective assistance of counsel and that the issues he would raise on appeal can be resolved by facts appearing in the record.[1]

Whether Wheeler's attorney coerced him into pleading guilty cannot be resolved under the present record. Therefore, the court did not abuse its discretion in denying Wheeler's request for an out-of-time appeal to pursue such claim.[2]

The transcript of the guilty plea hearing shows that, in compliance with Uniform Superior Court Rule 33.8 (B), the trial court fully informed Wheeler before he pled guilty of all the rights he was waiving. Although the recommended practice is for the trial court to inform eligible defendants, at the time of sentencing, of the right to

---

[1] See *Neisler v. State*, 253 Ga. App. 193, 194 (1) (556 SE2d 258) (2001).
[2] See id.

seek sentence review by the sentence review panel, there is no requirement that the court inform a person entering a guilty plea of a right to sentence review.[3]

> [W]hile Rule 33.9 of the Uniform Rules for the Superior Courts urges the trial courts to refrain from entering judgment upon a guilty plea "without making such inquiry on the record as may satisfy him that there is a factual basis for the plea" ([cit.]), "(it is not) necessary that a trial court affirmatively state on the record that it is satisfied that a factual basis for a defendant's guilty plea exists when there is evidence that the trial court is aware of the factual basis." [Cit.][4]

Here, the trial court was apprised of the factual basis for Wheeler's plea through evidence introduced at his first trial, the transcript of which is included in the record. Because the record establishes a factual basis for Wheeler's guilty plea (of which the trial court would have been aware), the court's lack of inquiry into the matter does not invalidate the plea.

For these reasons, we find no harmful error in the trial court's denial of Wheeler's motion for out-of-time appeal. The remaining issues raised in this appeal are moot.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 19, 2002 —
RECONSIDERATION DENIED MAY 3, 2002.

Richard Wheeler, *pro se.*

*J. Tom Morgan*, District Attorney, *Jeanne M. Canavan, Sheila A. Connors*, Assistant District Attorneys, for appellee.

---

[3] See *Bruce v. State*, 175 Ga. App. 453, 455 (5) (333 SE2d 394) (1985).
[4] *Clark v. State*, 186 Ga. App. 106, 107-108 (2) (366 SE2d 361) (1988).