A04A2390. SHINHOLSTER v. THE STATE.

(607 SE2d 910)

JOHNSON, Presiding Judge.

On July 13, 1992, Greg Shinholster pled guilty to sale of cocaine and, due to his prior criminal record, was sentenced to life imprisonment. Nearly 12 years later, on April 7, 2004, Shinholster filed a motion for an out-of-time appeal on the ground that his trial counsel was ineffective. The trial court denied the motion. Shinholster appeals from that denial, claiming only that he is entitled to an out-of-time appeal from his guilty plea because his trial counsel was ineffective in failing to inform him of his right to appeal from the judgment of conviction entered on his guilty plea. Our Supreme Court has previously held that such a claim is without merit.

In *Smith v. State*,[1] the Supreme Court ruled that "[a]n out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken. It is the remedy for a frustrated right of appeal."[2] But, the Court noted, there is no unqualified right to appeal from a judgment of conviction entered on a guilty plea.[3] "A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record."[4] Thus, the denial of a motion for an out-of-time appeal from a conviction entered on a guilty plea can be reversed only if the issues sought to be raised on appeal can be resolved by the record.[5]

---

[11] *Daniels*, supra.
[1] 266 Ga. 687 (470 SE2d 436) (1996).
[2] (Citations and punctuation omitted.) Id.
[3] Id.
[4] (Citations and punctuation omitted.) Id.
[5] Id.

The appellant in *Smith* claimed only that his trial counsel had been ineffective in failing to inform him of his right to appeal from the conviction entered on his guilty plea, but he did not show precisely what issues he would raise in such an appeal. Under those circumstances, the Court held that the appellant had not shown that he was entitled to an out-of-time appeal.

> Smith also failed to meet his burden because he proposed no questions to raise on appeal which could be resolved by facts appearing in the record. Instead he merely asserted that he was not informed of his "right" to appeal. As has been pointed out, there is *no* absolute right to appeal from a judgment of conviction entered on a guilty plea.[6]

Shinholster, like the appellant in *Smith*, claims merely that his trial attorney was ineffective in failing to inform him of his right to appeal from the conviction entered on his guilty plea. But he has not proposed in his appellate brief precisely what other issues he would raise in an appeal from the guilty plea conviction. Accordingly, Shinholster has not shown that he seeks to raise any issues on appeal that could be resolved by facts appearing in the record, and the trial court did not err in denying his motion for an out-of-time appeal.[7]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 2, 2004.

Greg Shinholster, *pro se.*
Fredric D. Bright, *District Attorney*, for appellee.

---

[6] (Emphasis in original.) Id. at 688.
[7] See *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002).