### A08A0012. SMITH v. THE STATE.
(662 SE2d 253)

MILLER, Judge.

Trent David Smith pled guilty to one count of burglary and failed to file a timely direct appeal. He now appeals, pro se, from the denial of his motion for an out-of-time appeal, arguing ineffective assistance of counsel. He also asserts error by the trial court in failing to dismiss the accusation against him for failure to state an offense and in trying him individually, rather than with his co-defendant. Discerning no error, we affirm.

---

[11] *Hobbs v. State*, 272 Ga. App. 148, 149-150 (1) (611 SE2d 775) (2005).

"An out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken. It is the remedy for a frustrated right of appeal." (Citations and punctuation omitted.) *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Accordingly, the trial court's denial of Smith's motion for an out-of-time appeal was proper unless he had a *right* to file a timely direct appeal that was frustrated by the ineffective assistance of his counsel. Id. To show such a right, the defendant must first establish that he would have been entitled to file a timely direct appeal from the plea because the issues he raises can be decided upon facts appearing in the record. Id. at 687-688. If the defendant makes that showing, he must then show that he did not timely file a direct appeal because he received ineffective assistance of counsel. *Ethridge v. State*, 283 Ga. App. 289 (641 SE2d 282) (2007).

Smith fails to make the required initial showing. Even had he done so, however, he does not contend that ineffectiveness of counsel "frustrated" his right to file a timely direct appeal. Rather, he challenges the effectiveness of counsel asserting that counsel failed to investigate, failed to object to the sufficiency of the accusation, failed to personally negotiate his plea agreement, and failed to file a material document. In related claims of error, Smith appears to argue that trial counsel waived his rights to arraignment and a preliminary hearing and that the trial court erred in failing to dismiss the accusation for failure to state an offense and in failing to try him in common with his co-defendant. These errors, however, are not cognizable as to the instant motion for out-of-time appeal. *Smith*, supra, 266 Ga. at 687. Given the foregoing, the trial court did not err in denying his motion for an out-of-time appeal. Id.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 9, 2008.

Trent D. Smith, *pro se.*
*T. Joseph Campbell, District Attorney*, for appellee.

