## A08A2174. WALKER v. THE STATE.
(675 SE2d 496)

PHIPPS, Judge.

Sherrie Walker appeals a 2008 order of the Superior Court of Richmond County denying her motion for permission to file an out-of-time appeal of multiple felony convictions entered on her guilty plea in 2001. Walker claims that her trial attorney was ineffective in failing to inform her of her right to appeal issues relating to (1) the validity of her waiver of a pre-sentence investigation report and (2) confusion shown by her and the trial court at the guilty plea hearing concerning the charges to which she was pleading guilty. Following a hearing on Walker's motion for out-of-time appeal, the court found no basis for an appeal of either issue and denied the motion. We find no error and affirm.

In March 2001, a 25-count indictment was returned naming Walker and Darnell Dennis as co-indictees. Counts 1 through 7 charged them with armed robbery, terroristic threats, aggravated assault, and possession of a firearm during commission of these crimes on December 5, 2000. Counts 8 through 16 charged them with armed robbery, kidnapping, terroristic threats, and possession of a firearm during commission of these crimes on December 6, 2000. Counts 17 through 25 charged only Dennis with possession of a firearm by a convicted felon during the crime spree.

In April 2001, Walker and the state entered into a written agreement under which Walker, with respect to Counts 1 through 6

---

of the indictment, pled guilty to two counts each of: robbery as a lesser included offense of armed robbery, terroristic threats, and aggravated assault. And she agreed to provide truthful testimony against Dennis. In exchange, the remaining counts against her were either dead docketed or nolle prossed. She also signed an acknowledgment and waiver of rights form. And her attorney, Paul David, certified that he had reviewed all of the questions on the form with Walker and assured himself that she knew and understood them.

At her guilty plea hearing, Walker responded to a series of questions from the court attesting that she was not under the influence of any mind-altering substances, that she was satisfied with her lawyer, that he had explained all of her rights to her, and that she was entering her guilty plea freely and voluntarily. Finding that Walker had waived her rights intelligently and voluntarily, the court accepted her guilty plea.

In explaining the possible sentences for the offenses to which Walker was pleading guilty, the court, however, mistakenly asked her if she understood that for "armed robbery" she could receive a maximum sentence of life imprisonment. The defense and prosecuting attorneys thereupon informed the court that Walker was pleading guilty to the lesser included offense of robbery, whereupon the court, correcting itself, asked Walker if she understood that for the offense of robbery she could receive a sentence of one to twenty years. Walker responded affirmatively.

After the prosecuting attorney reviewed the factual basis for Walker's guilty plea, the court asked Walker and defense counsel if she was willing for the court to then impose sentence without the probation department doing an investigation report. Both responded in the affirmative. The court then asked counsel if he would like to say anything on Walker's behalf. He responded by informing the court about her youthful age, educational efforts, gainful employment, physically handicapped mother, arrest record for only two misdemeanors, minimal participation in the crimes, and unfortunate involvement with the main perpetrator Dennis while she was addicted to drugs. Walker added that she wanted to return to school and "live the right life."

The court then stated that "[a]s to armed robbery, in each of the [counts], the court's going to sentence you to a period of twenty years." The court thus again mistakenly referred to the offense to which Walker was pleading guilty as armed robbery rather than robbery, but without correction by either the defense or prosecuting attorney. Afterward, the court stated that it was sentencing Walker to five years on each terroristic threat count and to ten years on each aggravated assault count. Further, all sentences were made to run concurrently with each other, with Walker serving a period of ten

years in confinement followed by probation.

In October 2006 and again in January 2007, Walker filed pro se motions for an out-of-time appeal. Later, however, counsel was appointed to represent her. Through counsel, she filed an amended motion asking for either an out-of-time appeal or a hearing on a claim of ineffective assistance of counsel against her trial attorney.

The amended motion came on for a hearing in April 2008 before the same judge who had presided over Walker's guilty plea hearing. At the hearing, her new attorney relied on the transcript of the guilty plea hearing to show confusion by Walker and the judge as to whether Walker was pleading guilty to robbery or armed robbery. Counsel also sought to show that there was a great deal of evidence in mitigation that a pre-sentence investigation would have revealed and that Walker's waiver of an investigation report was uninformed. In sum, however, counsel stated that Walker was not seeking to withdraw her guilty plea, but only wanted the court to consider the mitigating factors that an investigation report would uncover and clarify the charges to which Walker pled guilty. The court, however, found no need to revisit the case, noting that it had heard mitigating factors orally presented by Walker and her attorney at the guilty plea hearing and, after considering the factual basis for the plea, had given Walker 20-year sentences for the robberies as authorized by law. Held:

A criminal defendant has the absolute right to file a timely direct appeal from a judgment of conviction and sentence entered after a jury or bench trial, but not from a judgment of conviction and sentence entered on a guilty plea.[1] A direct appeal will lie in the latter instance "only if the issue on appeal can be resolved . . . by facts appearing in the record, including the transcript of [the] guilty plea hearing."[2] As the movant, the defendant has the burden to show "a 'good and sufficient' reason for his entitlement to an out-of-time appeal."[3] The defendant does not meet that burden merely by showing that he was not informed of his right to appeal at the guilty plea hearing.[4] Rather, the defendant must identify at least one appellate issue that can be resolved by facts appearing in the record.[5] The defendant in *Thorpe v. State*[6] met the burden by raising an issue as to whether the trial court had erred by failing to inform him that he could withdraw his guilty plea as a matter of right after the court

---

[1] *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).

[2] Id. (citations and punctuation omitted).

[3] Id. (citation and punctuation omitted).

[4] Id.

[5] See *Thorpe v. State*, 253 Ga. App. 263 (558 SE2d 804) (2002).

[6] Id.

had stated its intention to reject the plea agreement and before it pronounced judgment and sentence. The case was, therefore, remanded for a hearing on the issue of whether the defendant's counsel had informed him of his appeal rights and whether he had voluntarily waived those rights. If these questions were answered in the negative, the defendant was entitled to an out-of-time appeal.

Walker has asserted two claims appearing from facts of record.

First, she claims that she did not knowingly and intelligently waive her right to a pre-sentence investigation report conducted by the county probation department. Under Georgia law, however, she did not have then, nor does she now have, such a right.[7] In this regard, a review of comments made by the court at the hearing on Walker's motion for out-of-time appeal shows that, when Walker entered her guilty plea, the court merely had a practice of ordering a pre-sentence investigation report in all cases. The court noted, however, that this practice was no longer in effect. And the court found no need to order a sentencing investigation at this point.

Second, Walker complains of the confusion at the guilty plea hearing as to whether she was pleading guilty to robbery or armed robbery. But after the court expressed its understanding at the beginning of the hearing that Walker was pleading guilty to armed robbery, both the prosecuting attorney and defense counsel informed the court that she was pleading guilty to robbery. The court then correctly apprised Walker of the sentencing range for robbery and later imposed a sentence within that range. Although in imposing sentence the court again mistakenly referred to the subject offense as armed robbery rather than robbery, at the hearing on Walker's motion for out-of-time appeal the court effectively ruled that this was merely a slip of the tongue.

Because the trial court resolved Walker's claims of error adversely to her after examining the record, and because we find no error in the court's resolution of these claims, Walker has not shown that her counsel was ineffective in failing to inform her of her right to appeal.[8] And Walker does not claim that defense counsel was otherwise ineffective, although she has shown that he was later disbarred based on disciplinary offenses arising from, among other things, deficiencies in his representation of other criminal defense clients.[9]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

---

[7] See *Carter v. State*, 267 Ga. App. 520, 525 (9) (600 SE2d 637) (2004), citing OCGA § 42-8-29.

[8] See *Baker v. State*, 273 Ga. 842, 843 (1) (545 SE2d 879) (2001); *Sweeting v. State*, 291 Ga. App. 693, 695 (662 SE2d 785) (2008).

[9] See *In the Matter of David*, 282 Ga. 517 (651 SE2d 743) (2007).

DECIDED MARCH 3, 2009 —
RECONSIDERATION DENIED MARCH 20, 2009.

*John R. Taylor*, for appellant.

*Rebecca A. Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.