# Court of Appeals
# of the State of Georgia

ATLANTA,    April 19, 2013

*The Court of Appeals hereby passes the following order:*

**A13A0563. ALEXANDER v. THE STATE.**

In October 2010, Robert Alexander filed a motion for an out-of-time appeal in the Superior Court of Chatham County, seeking the right to challenge the validity of his 1979 guilty plea to robbery by intimidation.[1] Without conducting a hearing on Alexander's motion, the trial court granted him an out-of-time appeal, noting that "it appears that [Alexander's] lawyer failed to advise [him] that he had a right of appeal" from his guilty plea. Pursuant to that order, Alexander filed a notice of appeal, and this case was docketed in this Court in November 2012.

The State has filed a motion requesting this Court to remand this case back to the trial court for an evidentiary hearing so it can determine, as a matter of fact, who was responsible for Alexander's failure to timely appeal from the judgment on his guilty plea.

> Because the accused enjoys the right to effective assistance of counsel on appeal from a criminal conviction, we have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed

---

[1] According to Alexander, his plea was invalid because, prior to entering his plea, he was not advised of two of his constitutional rights, as required by *Boykin v. Alabama*, 395 U. S. 238 (89 SCt 1709, 23 LE2d 274) (1969). As the trial court noted in its order granting an out-of-time appeal, attempts to locate a transcript from the 1979 guilty plea proceedings had been unsuccessful.

of his appeal rights. As we have stated, however, a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights. *The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal. Where the record does not indicate that the trial court adequately addressed this dispositive issue, we will remand for a hearing to consider it.*

(Citations and punctuation omitted; emphasis supplied.) *Eisele v. State*, 238 Ga. App. 289, 289-290 (519 SE2d 9) (1999). See also *Baker v. State*, 273 Ga. 842, 843 (2) (545 SE2d 879) (2001) ("[A]n evidentiary hearing on the motion for out-of-time appeal . . . is necessary when the trial court is unable to determine from the record who was responsible for the failure to file a timely direct appeal.") (citation omitted).

Under the circumstances presented, the State's motion to remand this case for an evidentiary hearing is GRANTED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 04/19/2013
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

 *, Clerk.*