*George H. Wynn,* for appellees.

## 34348. JACKSON v. HOPPER.

UNDERCOFLER, Presiding Justice.

Jackson was convicted of armed robbery on April 26, 1972, and sentenced to life imprisonment. In March, 1975, he contacted the Prisoner Legal Counseling Project of the University of Georgia School of Law alleging he was denied his right of appeal. He states he was never advised of his right to appeal, of his right to have counsel appointed on appeal, or of the necessity of appealing within thirty days of the date of his conviction. He states further he was represented by the DeKalb County Public Defender's Office, that he asked counsel during trial if he could appeal and counsel told him "yes." He states he stood up and told the trial judge that he wanted to appeal when his attorney "didn't say nothing," and the judge told him to sit down and speak only through his attorney. He states he did not see his attorney until several months later when he conferred with him regarding another matter pending against him. He said he was transferred on the day following sentencing to the Jackson Diagnostic Center where he "filed for a . . . just of my trial and indictment," following advice of his counselor at the center. He doesn't remember whether this advice was thirty days following conviction or not. "Within six or seven weeks," he wrote to the Clerk of the Superior Court of DeKalb County and requested his records. The clerk sent "six or seven sheets but no trial transcript."

Petitioner introduced no documentary evidence or a copy of the trial transcript at the habeas hearing, presenting only his testimony that the instructions regarding appeal were not given. The state, in rebuttal, presented the deposition of defense counsel, since removed to Mobile, Alabama, which included cross questions prepared by petitioner, and read it into the record. In this deposition, counsel stated he had "no independent recollection" of informing petitioner regarding his appellate rights; however, "it was our

general policy to advise convicted defendants of the right to appeal." He further deposed he "felt he had advised Jackson," that at the time (1972), Jackson had expressed some concern "about the possibility of receiving a death sentence that he "did not believe Jackson ever asked him to file a motion because if he had, an appeal would have been immediately filed."

In its findings of fact and conclusions of law, the habeas court stated it was advised by petitioner that he was serving sentences which were not in dispute, and that after reviewing the evidence, it concluded petitioner was advised of his appellate rights. We affirm.

"Witnesses in a hearing on a petition for habeas corpus need not testify from their personal recollection of the particular trial under attack. Rather, evidence as to standard practice or customary procedure can be used to demonstrate compliance with constitutional standards." Banda v. Estelle, 519 F2d 1057, 1058 (5th Cir., 1975); Webster v. Estelle, 505 F2d 926, 930 (5th Cir. 1974). The habeas court did not err in denying the petition.

*Judgment affirmed. All the Justices concur, except Jordan and Hall, JJ., who dissent.*

SUBMITTED DECEMBER 22, 1978 — DECIDED JANUARY 24, 1979.

*James C. Bonner, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, William Hill, Jr., Assistant Attorney General,* for appellee.