### 35541. MURPHY v. BALKCOM.

PER CURIAM.
Petitioner, convicted of possession of a controlled substance, seeks an out-of-time appeal contending that he was not informed of his right to appeal by his attorney or by the trial court after his conviction. He also contends that he requested his attorney to file an appeal but that the attorney took no action. The attorney testified by deposition at the habeas hearing stating that while he

had no independent recollection of the case, it was and had been his usual custom and practice to inform his clients of their right to appeal following a conviction. If the client was indigent, his practice was to go to the judge and inform him that the client wanted an appeal and that counsel was always appointed in such cases. He did not recall any request for appeal in this case.

The assistant district attorney testified by deposition at the habeas hearing stating that he understood that petitioner's attorney had informed petitioner of his right to appeal but that he (petitioner) had decided to forgo the appeal and instead apply to the sentence review panel, which he did.

After hearing all the evidence, the habeas judge, being the finder of facts, believed the state's witnesses and disbelieved petitioner and thus denied habeas relief. To reverse the decision of the habeas court, we would first have to overrule *Jackson v. Hopper,* 243 Ga. 41 (252 SE2d 467) (1979) which we find controlling. This we decline to do. In regard to petitioner's claim that the record does not reflect a knowing waiver of his right to appeal, we note that the Fifth Circuit Court of Appeals has recently held:

"We therefore conclude that an attorney renders effective assistance of counsel with regard to the decision whether to appeal when he advises his client of his appellate rights, Lumpkin v. Smith, supra, and does not preempt his client's decision to appeal, Edge v. Wainwright, supra. We hold that neither the sixth amendment nor the fourteenth amendment requires that the record reflect that the defendant made a knowing and intelligent decision not to appeal before he can be precluded from appellate review." Norris v. Wainwright, 588 F2d 130, 137 (1979).

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 26, 1979 — DECIDED JANUARY 3, 1980.

*Christopher J. Hamilton,* for appellant.

*Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for

appellee.