## A98A1502. PENROD v. THE STATE.
### (504 SE2d 757)

BLACKBURN, Judge.

Randall Allen Penrod appeals the denial of his motion for an out-of-time appeal, contending that his failure to file a timely appeal was due to his counsel's failure to advise him of his appeal rights. For the reasons discussed below, we affirm.

Penrod was convicted of aggravated assault in February 1996 and sentenced to ten years in prison and ten years on probation. Penrod did not appeal this conviction. However, on December 12, 1997, almost two years after his conviction, Penrod filed a motion for an out-of-time appeal, claiming that he had not been advised of his right to appeal his conviction. After a hearing, the trial court denied this motion, and Penrod appeals.[1]

"[A]n out-of-time appeal is appropriate where due to the ineffective assistance of counsel, no appeal has been taken." (Punctuation omitted.) *Lane v. State*, 263 Ga. 517, 518 (2) (436 SE2d 9) (1993). However, "an attorney renders effective assistance of counsel with regard to the decision whether to appeal when he advises his client of

---

[1] The motion was actually denominated a "Motion for Out of Time Motion for New Trial," and did not specifically request permission to file an out-of-time appeal. However, the trial court treated the motion as one for an out-of-time appeal and denied it as such. See, e.g., *Maxwell v. State*, 262 Ga. 541, 542 (3) (422 SE2d 543) (1992) (granting of out-of-time appeal constitutes permission to pursue appropriate post-conviction remedies including motion for new trial).

his appellate rights, and does not preempt his client's decision to appeal. . . . [N]either the sixth amendment nor the fourteenth amendment requires that the record reflect that the defendant made a knowing and intelligent decision not to appeal before he can be precluded from appellate review." (Citation and punctuation omitted.) *Murphy v. Balkcom*, 245 Ga. 13, 14 (262 SE2d 784) (1980). The grant or denial of a motion for an out-of-time appeal is within the discretion of the trial court, and its decision will not be reversed absent abuse of such discretion. See *Hightower v. State*, 192 Ga. App. 836 (386 SE2d 716) (1989).

Penrod claims that his trial attorney, Edward T. Murray, never advised him of his appeal rights. However, Murray testified to the contrary at the hearing on the motion for an out-of-time appeal. Murray testified that he specifically recalled discussing the possibility of an appeal with Penrod, and that Penrod never requested that he file an appeal. Although Murray did not recall the exact details of his conversations with Penrod almost two years earlier, he testified that he always informed his clients of the thirty-day period in which an appeal or motion for new trial must be filed. Murray testified that, before his appointment, Penrod had been represented by a different attorney, Nick Winn. After trial, Penrod talked with Murray about the possibility of Winn handling the appeal. Murray speculated that, although he "couldn't speak for Mr. Penrod," Penrod might have been confused about whether Murray or Winn would handle any appeal. However, Penrod never advised Murray to file an appeal.

Penrod testified that he discussed a possible appeal with Murray, but that Murray said that he did not see any grounds for appeal. Penrod testified that he asked Murray to file an appeal.

This case is remarkably similar to *Murphy*, supra, in which a defendant sought to file an out-of-time appeal by claiming that his attorney never advised him of his appeal rights. The attorney testified that, while he had no independent recollection of the case, it was his usual practice to inform his clients of their right to appeal following a conviction. He testified that he did not recall any request for appeal in that case. The Supreme Court affirmed the denial of defendant's motion, holding that the trial court, as finder of fact, was entitled to believe the attorney's testimony as to his usual practice. See also *Jackson v. Hopper*, 243 Ga. 41 (252 SE2d 467) (1979) (evidence of attorney's standard practice or customary procedures sufficient to show compliance with constitutional standards).

In this case, as in *Murphy* and *Jackson*, the trial court was authorized to believe Murray's testimony that he advised Penrod of his right to appeal and that Penrod did not elect to exercise that right. Indeed, this case is stronger than *Murphy*, because Murray expressly testified that he discussed with Penrod the possibility of an

appeal and that Penrod did not advise him to file an appeal. Furthermore, Penrod's failure to file a motion for out-of-time appeal for almost two years after his conviction undercuts the credibility of his testimony that he directed Murray to file a timely appeal. Accordingly, the trial court was authorized to conclude that Penrod's failure to timely exercise his appeal rights was not due to ineffective assistance of counsel and thus did not abuse its discretion in denying Penrod's motion.

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED JULY 17, 1998.

*Brian Steel,* for appellant.

*James R. Osborne, District Attorney, David B. Fife, Assistant District Attorney,* for appellee.