515 S.E.2d 198 (1999)
237 Ga. App. 796
LUNSFORD
v.
The STATE.
No. A99A0296.
Court of Appeals of Georgia.
March 30, 1999.
Reconsideration Denied April 20, 1999.
Dodd & Dennis, Roger J. Dodd, Saleem D. Dennis, Valdosta, for appellant.
Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney, for appellee.
BEASLEY, Presiding Judge.
During trial, Matthew Lunsford admitted stealing gas and money from a convenience store but contended he was unarmed. *199 The store clerk, who recognized Lunsford, testified she saw a box-cutter in his hand immediately after he stuck something sharp in her back. The jury found him guilty of armed robbery, OCGA § 16-8-41, and he was sentenced to ten years. He did not appeal. Seventeen months later through different counsel Lunsford moved for leave to file an out-of-time appeal and for new trial. After a hearing, the trial court denied the motions. We granted Lunsford's application for discretionary appeal pursuant to OCGA § 5-6-35(j), for an order denying a motion for an out-of-time appeal is a final judgment which is directly appealable under OCGA § 5-6-34(a). Rowland v. State, 264 Ga. 872, 876(2), 452 S.E.2d 756 (1995).
1.
"(A)n out-of-time appeal is appropriate where due to the ineffective assistance of counsel, no appeal has been taken." [Cit.] However, "an attorney renders effective assistance of counsel with regard to the decision whether to appeal when he advises his client of his appellate rights, and does not preempt his client's decision to appeal.... (N)either the sixth amendment nor the fourteenth amendment requires that the record reflect that the defendant made a knowing and intelligent decision not to appeal before he can be precluded from appellate review." [Cit.] The grant or denial of a motion for an out-of-time appeal is within the discretion of the trial court, and its decision will not be reversed absent abuse of such discretion. [Cit.][1]
Lunsford asserts his out-of-time appeal should have been granted because his counsel failed to informed him of his "rights to file a Motion for New Trial, Notice of Appeal, or Direct Appeal." At the hearing on the motion, Lunsford's trial counsel testified that immediately after the conviction he explained to Lunsford that he would not handle his appeal because he saw no error, and that Lunsford had 30 days to appeal. Lunsford denied this.
The trial court as finder of fact may believe the attorney's testimony.[2] We find no abuse of discretion.[3]
2. Lunsford asserts the trial court erred in dismissing his motion for new trial on the grounds that it was untimely, because he was not properly informed of his appellate rights. "`In any case where a motion for a new trial is made more than 30 days after the entry of judgment on the verdict, some good reason must be shown why the motion was not made within the time allowed by law.'"[4] Because the court did not err in denying the motion for out-of-time appeal based on the same ground, this enumeration fails.
Judgment affirmed.
BLACKBURN and BARNES, JJ., concur.
NOTES
[1] Penrod v. State, 233 Ga.App. 532-533, 504 S.E.2d 757 (1998).
[2] See Murphy v. Balkcom, 245 Ga. 13, 14, 262 S.E.2d 784 (1980) (trial court entitled to believe attorney's testimony about his course of practice explaining the right to appeal to his clients).
[3] See Penrod v. State, supra at 533, 504 S.E.2d 757 ("the trial court was authorized to believe [attorney's] testimony that he advised [defendant] of his right to appeal and that [defendant] did not elect to exercise that right.").
[4] Riggins v. State of Ga., 197 Ga.App. 612, 399 S.E.2d 96 (1990).