### A99A1298. JOHNSON v. THE STATE.
(516 SE2d 539)

McMURRAY, Presiding Judge.

Defendant, appearing pro se, filed this direct appeal after the trial court entered orders revoking defendant's probation and granting defendant's motion for out-of-time appeal. Defendant, appearing pro se, previously had filed an application for discretionary appeal from these orders, pursuant to OCGA § 5-6-35 (a) (5), in Court of Appeals Case No. A99D0185, but this application was dismissed because it was not filed within 30 days of the trial court's order granting defendant's motion for out-of-time appeal as required by OCGA § 5-6-35 (d). *Held*:

> Appeals from orders revoking probation must be made by application filed directly with the appropriate court within 30 days of the date of the revocation order. See OCGA § 5-6-35 (a) (5) & (d). As no such application was [timely] filed in [the] case [sub judice within 30 days after entry of the order revoking defendant's probation or within 30 days after entry of the order granting defendant's motion for out-of-time appeal, this direct] appeal must be dismissed for lack of jurisdiction.

*Scriven v. State*, 179 Ga. App. 513 (346 SE2d 906).

*Appeal dismissed. Andrews and Ruffin, JJ., concur.*

DECIDED APRIL 14, 1999.

David Johnson, *pro se*.
*J. Brown Moseley, District Attorney*, for appellee.