## A00A0037. DAVIS v. THE STATE.
### (527 SE2d 602)

ELDRIDGE, Judge.

Gerald Davis appeals from the denial of his motion to file an out-of-time appeal or an extraordinary motion for new trial. We affirm.

On December 10, 1996, a jury convicted Davis of robbery and theft by taking. The conviction was not appealed. Davis filed a pro se motion for an out-of-time appeal/extraordinary motion for new trial in March 1997, and the trial court conducted a hearing. The trial court subsequently denied the motion, and this appeal follows.[1] *Held*:

1. Davis claims that the trial court wrongfully denied his motion to file an out-of-time appeal by deciding the request on a "technicality." This claim has no merit.

> An out-of-time appeal is appropriate where due to the ineffective assistance of counsel, no appeal has been taken. However, an attorney renders effective assistance of counsel with regard to the decision whether to appeal when he advises his client of his appellate rights, and does not preempt his client's decision to appeal. Neither the sixth amendment nor the fourteenth amendment requires that the record reflect that the defendant made a knowing and intelligent decision not to appeal before he can be precluded from appellate review. The grant or denial of a motion for an out-of-time appeal is within the discretion of the trial court, and its decision will not be reversed absent abuse of such discretion.

(Citations and punctuation omitted.) *Lunsford v. State*, 237 Ga. App. 696-697 (515 SE2d 198) (1999). See also *Penrod v. State*, 233 Ga. App. 532-533 (504 SE2d 757) (1998).

In this case, Davis testified at the motion hearing that he asked his trial attorney to appeal the conviction following sentencing. He claimed that the attorney promised to meet with him later to discuss the appeal but failed to do so.

However, the attorney testified that he approached Davis imme-

---

[1] The convoluted procedural history of this appeal is not relevant to the issues presented herein.

diately after sentencing and told Davis

> that he had a right to appeal in thirty days and that I was there to do his appeal if he so wanted me to do his appeal. . . . Right there where we were sitting I bent over and asked him, expecting him to say yes as they always do, and he told me no he did not want me to do his appeal, that his family was going to hire a real lawyer. . . . He discharged me, yes. In no uncertain terms he discharged me.

After that point, the attorney did not consider himself Davis' lawyer and, accordingly, did not file an appeal.

After the hearing, the trial court found that the attorney advised Davis of his right to appeal but that Davis "elected to discharge [the attorney] rather than have him file a motion for new trial or an appeal." The trial court was authorized to believe the attorney's testimony over that of Davis and did so. There was no abuse of discretion in the trial court's denial of Davis' motion for an out-of-time appeal. *Lunsford v. State*, supra at 697 (1); *Penrod v. State*, supra at 534.

2. For the same reasons as in Division 1, supra, there was no abuse of discretion in the trial court's denial of Davis' extraordinary motion for new trial. *Lunsford v. State*, supra at 697 (2); see also OCGA § 5-5-41 (a).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 7, 2000 —
RECONSIDERATION DENIED JANUARY 28, 2000.

*Nicholas E. White*, for appellant.
Gerald Davis, *pro se*.
*Timothy G. Vaughn, District Attorney*, for appellee.