## A00A0645. PRUITT v. THE STATE.
(532 SE2d 741)

BARNES, Judge

Tony Pruitt appeals from the trial court's denial of his motion for an out-of-time appeal of his convictions for aggravated child molestation, child molestation, and enticing a child for indecent purposes. For reasons that follow, we affirm.

Pruitt claims he is entitled to an out-of-time appeal because his attorney failed to follow his instructions to pursue an appeal.

> "(A)n out-of-time appeal is appropriate where due to the ineffective assistance of counsel, no appeal has been taken."

[Cit.] However, "an attorney renders effective assistance of counsel with regard to the decision whether to appeal when he advises his client of his appellate rights, and does not preempt his client's decision to appeal. . . . (N)either the [S]ixth [A]mendment nor the [F]ourteenth [A]mendment requires that the record reflect that the defendant made a knowing and intelligent decision not to appeal before he can be precluded from appellate review." [Cit.] The grant or denial of a motion for an out-of-time appeal is within the discretion of the trial court, and its decision will not be reversed absent abuse of such discretion. [Cit.]

*Penrod v. State*, 233 Ga. App. 532-533 (504 SE2d 757) (1998).

In the hearing on Pruitt's motion for an out-of-time appeal, his trial counsel testified that he advised Pruitt about his right to appeal his conviction and sentence and that Pruitt twice instructed him, in person, not to pursue an appeal. In a letter dated October 24, 1996, Pruitt's trial counsel advised Pruitt that his conviction must be appealed by October 31, 1996, and that his sentence must be appealed by November 9, 1996. This letter also confirmed:

> It is my understanding that you do not wish for me to proceed with any appeals on your behalf. If you do want to file an appeal and you cannot afford an attorney, you have the right to petition the court for appointed counsel. If you do want to go in this direction, you must do so immediately.

In his testimony at the hearing, Pruitt admitted that he received this letter on October 29, 1996, and that he did not contact his trial counsel after receiving this letter, even though he claimed that he had twice instructed his counsel to file an appeal. Instead, Pruitt testified that he mailed a letter to his father on October 29, 1996,[1] asking his father to talk with his trial counsel because he wanted to appeal.

Pruitt's trial counsel testified that he met with Pruitt's father on October 7, 1996, and that he was again told that Pruitt did not want to pursue an appeal. Pruitt's father testified that his meeting with his son's trial counsel took place after he received his son's October 29, 1996 letter. He further testified that it was his understanding that his son wanted to appeal his conviction.

Over four months later, on March 12, 1997, Pruitt sent a letter to

---

[1] A photocopy of this letter was submitted in the hearing because the original could not be located. The date of the letter is not located at the top, but in an unusual place, squeezed above Pruitt's signature and under the last line of the letter.

the Superior Court Sentence Review Panel of Georgia asking for forms and information about appealing his sentence. He also testified that he wrote to the State Bar of Georgia and the Center for Prisoner's Legal Assistance about an appeal, but he did not present a copy of these letters in the motion hearing.

On July 26, 1999, over two and a half years after his convictions, Pruitt filed a motion to pursue an out-of-time appeal.

This record authorized the trial court to conclude that Pruitt's failure to exercise his appeal rights in a timely fashion was not due to ineffective assistance of counsel, but instead his own conduct. The trial court did not abuse its discretion in denying Pruitt's motion for an out-of-time appeal. See *Davis v. State*, 242 Ga. App. 101 (527 SE2d 602) (2000); *Penrod*, supra.

*Judgment affirmed. Blackburn, P. J., and Eldridge, J., concur.*

DECIDED MARCH 28, 2000 —
RECONSIDERATION DENIED APRIL 11, 2000.

*Juwayn N. Haddad,* for appellant.
*Michael H. Crawford, District Attorney, Earnest J. McCollum, Assistant District Attorney,* for appellee.