## A99A2145. BUTTS v. THE STATE.
### (536 SE2d 154)

MILLER, Judge.

In February 1996, a jury found Larry Butts guilty of three counts of selling cocaine. At the conclusion of the sentencing hearing on February 29, 1996, the trial court sentenced Butts to three concurrent life terms. No appeal followed.

More than three years later, acting pro se, Butts filed a verified request to proceed in forma pauperis. The court apparently did not rule on this request. Butts then filed a motion styled as "Out [sic] Time Motion For New Trial," in which he raised the general grounds and ineffective assistance and in which he also contended that he was denied the right to appeal his convictions despite having "requested an appeal from his counsel and was made to belief [sic] that an appeal was pending in the Georgia Court of Appeals." After conducting a hearing on the merits, the trial court denied the motion.

The order now being challenged denied Butts's "out-of-time motion for new trial." Butts submitted an application for discretionary appeal and also filed a direct appeal. In dismissing the discretionary application, this Court treated the case as involving a ruling

on an out-of-time appeal, which is directly appealable.[1]

The right to an appeal is not absolute and may be waived.[2]

[A] convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights. The disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal.[3]

When the delay in attempting to appeal a conviction is attributable to the defendant's conduct, either alone or in concert with his trial attorney, a trial court properly denies the motion for an untimely appeal.[4] To secure leave to file an out-of-time appeal, Butts was required to demonstrate to the trial court that his failure to secure a timely direct appeal was not attributable to his own actions.[5] Butts bore the burden of establishing a good and sufficient reason that would entitle him to an out-of-time appeal.[6] It was incumbent upon Butts to show that his right to file a timely direct appeal "was frustrated by the ineffective assistance of his counsel."[7] Nevertheless,

[o]ur courts have long recognized the right to effective assistance of counsel on appeal from a criminal conviction, and have permitted out-of-time appeals if the appellant was denied his right of appeal through counsel's negligence or ignorance, or if the appellant was not adequately informed of his appeal rights. The right to appeal is violated when the appointed lawyer deliberately forgoes the direct appeal without first obtaining his client's consent. Such action constitutes ineffectiveness. A criminal defendant who has lost his right to appellate review of his conviction due to error of counsel is entitled to an out-of-time appeal. However, a convicted party may, by his own conduct or in concert with his counsel, forfeit his right to appeal by sleeping on his rights.[8]

---

[1] See *Randolph v. State*, 220 Ga. App. 769, 770 (470 SE2d 300) (1996) (denial of motion for out-of-time appeal subject to direct appeal); compare OCGA § 5-6-35 (7) (denial of extraordinary motion for new trial requires application).

[2] *Rowland v. State*, 264 Ga. 872, 875 (2) (452 SE2d 756) (1995).

[3] (Citations omitted.) *Haynes v. State*, 227 Ga. App. 64, 65 (488 SE2d 119) (1997).

[4] *Franz v. State*, 208 Ga. App. 677, 678 (2) (432 SE2d 554) (1993).

[5] *Dover v. State*, 237 Ga. App. 797, 798 (516 SE2d 839) (1999) (denial of motion for an out-of-time appeal is discretionary matter); *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985).

[6] *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).

[7] Id.

[8] (Citations and punctuation omitted.) *Haynes*, supra, 227 Ga. App. at 65.

We have carefully reviewed the transcript of the hearing on the motion for out-of-time appeal. Butts's trial counsel testified that although he did not have an independent recollection of informing Butts of his appeal rights, it was his customary practice to inform each convicted client of such (including that the client had 30 days to file the appeal), which practice he invariably followed. He expressly denied that Butts ever asked him to appeal the case and further denied that he led Butts to believe that an appeal was pending. Butts testified that counsel did not inform him that he had 30 days to appeal and that he did not learn of such until 1997.

The court was entitled to believe the testimony of Butts's counsel, which was sufficient to authorize the court to find that Butts had been informed of his appeal rights and had voluntarily waived same, and to find that Butts's right to a timely appeal was not frustrated through ineffective assistance of counsel.[9] Since we apply the "any evidence" standard to findings of the trial court when it is acting as the trier of fact,[10] we hold the trial court did not abuse its discretion in denying the motion for out-of-time appeal.[11]

*Judgment affirmed. Pope, P. J., and Smith, P. J., concur.*

DECIDED JUNE 8, 2000 

Larry Butts, *pro se.*

*Richard E. Currie, District Attorney, James D. Lamb, Assistant District Attorney,* for appellee.

---

[9] *Jackson v. Hopper*, 243 Ga. 41, 42 (252 SE2d 467) (1979); accord *Murphy v. Balkcom*, 245 Ga. 13, 14 (262 SE2d 784) (1980).

[10] *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

[11] See *Penrod v. State*, 233 Ga. App. 532, 533 (504 SE2d 757) (1998) (abuse of discretion standard applies).