## A10A1896. ENGLISH v. THE STATE.
### (705 SE2d 667)

DILLARD, Judge.

Robert English pled guilty to two counts of burglary and one count of entering an automobile with intent to commit theft. Acting pro se, he now appeals the trial court's denial of his motion for an out-of-time appeal of his guilty plea, arguing that no factual bases support the charges to which he pled guilty and that his plea was not knowingly and intelligently entered. Mr. English further contends that his former counsel's alleged failures to ensure that he knowingly and intelligently entered into the plea and to inform him of his right to appeal constituted ineffective assistance. For the reasons set forth infra, we affirm the trial court's decision.

The undisputed record shows that Mr. English was charged in 2001 (via accusation) with two counts of burglary,[1] one count of entering an automobile with the intent to commit theft,[2] and one count of possession of cocaine.[3] He agreed to plead guilty to the two

---

[1] OCGA § 16-7-1 (a).

[2] OCGA § 16-8-18.

[3] OCGA § 16-13-30 (a).

burglary charges and the entering an automobile charge in return for the State agreeing to nolle pros the possession charge. Prior to his plea hearing, English, with assistance from counsel, completed and signed an "Advice and Waiver of Rights" form that informed him of the charges to which he was pleading guilty, and advised him that in doing so he was waiving certain federal and state constitutional rights — including the right to trial by jury, the presumption of innocence, the right to confront his accusers, the right to subpoena witnesses, the right to testify and offer other evidence, the right to assistance of counsel, and the right not to incriminate himself.

At his March 8, 2001 guilty plea hearing (which his counsel attended), the trial court discussed the charges and potential sentences with Mr. English and went over the plea form to ensure that he understood the constitutional rights he was waiving by pleading guilty. Thereafter, English confirmed that he was satisfied with his counsel's representation and that he still wanted to plead guilty to the charges. Consequently, the trial court found that English's plea was freely and voluntarily given.

At the same hearing, the State gave the trial court the following factual bases for the pleas. On December 8, 2000, Mr. English entered a trailer that belonged to a construction company, stealing a nail gun and a miter saw. On June 13, 2000, English entered a private residence and stole a shotgun, as well as several other personal items belonging to the homeowner. Finally, on December 23, 2000, English broke into a truck and stole several tools from the truck owner's toolbox. After the recitation of English's criminal actions by the State, the trial court sentenced English to twenty years, with five years to serve in confinement, and informed him that he had the right to appeal the sentence.

On November 1, 2007, Mr. English filed a pro se motion for an out-of-time appeal, in which he claimed that there were no factual bases supporting the charges to which he pled guilty, that his plea was not knowingly and intelligently entered, and that his counsel's failures to ensure that he knowingly and intelligently entered into the plea and to inform him of his right to appeal constituted ineffective assistance. The trial court denied English's motion, and this direct appeal follows.[4]

1. In two separate enumerations of error, Mr. English contends that the trial court erred in denying his motion for an out-of-time appeal because (1) there were no factual bases supporting the

---

[4] The denial of a motion for an out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of direct appeal. *See, e.g., Simmons v. State,* 276 Ga. 525, 525, n.2 (579 SE2d 735) (2003). The record here indicates that Mr. English's convictions have not been the subject of a direct appeal.

charges to which he pled guilty in 2001, and (2) his plea was not knowingly and intelligently entered.[5] We disagree.

It is well established that a criminal defendant has "no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea," and that "an appeal will lie from a judgment entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record."[6] And the Supreme Court of Georgia has held that this principle is likewise applicable when a criminal defendant seeks to file an out-of-time appeal from a judgment entered on a guilty plea.[7] Put another way, the ability to decide the appeal based on the existing record is the determining factor in assessing the availability of a direct or out-of-time appeal when the defendant has entered a guilty plea.[8]

Once a determination has been made that the state of the record is such that the criminal defendant had the right to file a direct appeal from his guilty plea, we then consider whether the record, nevertheless, "shows that those issues must be resolved against him."[9] If such a showing is evident from the record, then this is the end of our inquiry.[10] If, on the other hand, the evidentiary posture of the record is such that the issues in question cannot be resolved dispositively against the criminal defendant, we must then consider whether the defendant's "right to appeal was frustrated by the ineffective assistance of counsel."[11] Finally, we note that "[t]he denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court and the court's decision will not be reversed absent an abuse of that discretion."[12]

---

[5] We note that the record includes the transcript of a December 19, 2006 hearing, in which Mr. English pled guilty to a burglary charge from that year. English did not address that guilty-plea hearing in his motion for an out-of-time appeal, and he has not addressed it in this appeal. Accordingly, our review is limited to English's 2001 guilty plea.

[6] *Barlow v. State*, 282 Ga. 232, 233 (647 SE2d 46) (2007) (citations and punctuation omitted); *see also Moore v. State*, 304 Ga. App. 105, 105-106 (695 SE2d 661) (2010) (same).

[7] *See, e.g., Morrow v. State*, 266 Ga. 3, 3 (463 SE2d 472) (1995).

[8] *See, e.g., Barlow*, 282 Ga. at 233.

[9] *Golden v. State*, 299 Ga. App. 407, 407 (683 SE2d 618) (2009).

[10] See, *e.g., Smith v. State*, 287 Ga. 391, 403, n.5 (697 SE2d 177) (2010) (holding that "the defendant must first show that the claim he wants to raise on appeal can be resolved on the face of the existing record, and would not be resolved against him," and that "if even a timely direct appeal would have been unsuccessful, then plea counsel's failure to advise the defendant to file such an appeal was not professionally deficient, nor did any prejudice result" (*citations* omitted)).

[11] *Moore*, 304 Ga. App. at 105; *see also Morrow*, 266 Ga. at 3 ("An out-of-time appeal is occasionally appropriate where, due to ineffective assistance of counsel, no appeal has been taken."); *Harwood v. State*, 303 Ga. App. 23, 24 (692 SE2d 665) (2010) ("Issues regarding the effectiveness of counsel are not reached unless the requirement that the appeal be resolved by reference to the facts on the record is met." (citation omitted)).

[12] *Moore v. State*, 285 Ga. 855, 856 (1) (684 SE2d 605) (2009) (citation omitted).

Here, the record shows that (1) Mr. English completed and signed a waiver-of-rights form prior to the hearing on his plea, (2) the trial court confirmed that English understood he was waiving certain constitutional rights by pleading guilty, (3) the trial court verified that English understood what he was doing and that he was entering his plea of guilt freely and voluntarily, and (4) the State provided the factual bases for the charges against English during the hearing on his guilty plea.

Based on the foregoing, we are satisfied that the record before us demonstrates that there were factual bases supporting the charges to which Mr. English pled guilty, and that he "freely and voluntarily entered his plea with a full understanding of what the plea connotes and of its consequence."[13] In sum, the record shows that the issues English sought to appeal must be resolved against him, and therefore, the trial court did not abuse its discretion in denying his motion for an out-of-time appeal.[14]

2. Mr. English also contends that the trial court should have granted his motion for an out-of-time appeal because his plea counsel's failures to ensure that he knowingly and intelligently entered into the guilty plea and to inform him of his right to appeal constituted ineffective assistance. However, given that the record shows English's proffered claims of error to be wholly without merit (as explained supra), we need not consider whether his right to appeal was "frustrated by the alleged ineffective assistance of his counsel."[15]

3. In light of our holdings in Divisions 1 and 2 of this opinion, the State's motion to dismiss Mr. English's appeal is moot.

*Judgment affirmed. Barnes, P. J., and Blackwell, J., concur.*

DECIDED DECEMBER 16, 2010 —
RECONSIDERATION DENIED JANUARY 7, 2011.

Robert English, *pro se.*
*Plez H. Hardin, District Attorney, Daniel P. Bibler, Assistant District Attorney*, for appellee.

---

[13] *Johnson v. State*, 286 Ga. 432, 433 (687 SE2d 833) (2010) (punctuation omitted).

[14] *See, e.g., Moore*, 285 Ga. at 858 (1).

[15] *Johnson*, 286 Ga. at 434 (citation and punctuation omitted); see also *Harwood*, 303 Ga. App. at 25-26 (holding that because the record showed that claims of error the defendant could have raised in a direct appeal lacked merit, the defendant's claims of ineffective assistance of counsel need not be considered on appeal).