## A11A2214. GOULD v. THE STATE.
### (726 SE2d 432)

MIKELL, Presiding Judge.

Carl Gould, proceeding pro se, appeals the trial court's order denying his motion for an out-of-time appeal. We discern no error and affirm.

The record shows that on September 26, 2003, Gould entered a negotiated plea of guilty to one count of sexual exploitation of children and one count of recidivism. Gould was sentenced to ten years, with one year to serve and the remainder on probation. A petition to revoke Gould's probation was filed on November 3, 2009; and after a hearing, the trial court revoked the balance of the probation. Through counsel, Gould then filed a motion for new trial and a motion for reconsideration. After a hearing, the trial court on August 12, 2010, denied the motion for new trial but reduced the amount of time during which Gould's probation was revoked to a period of two years. In May 2011, Gould, proceeding pro se, filed a motion for an out-of-time appeal in order to challenge this probation revocation order. After a hearing, the trial court denied Gould's motion for an out-of-time appeal in an order entered June 10, 2011. This June 2011 order is the subject matter of the current appeal.

1. Gould first argues that the trial court abused its discretion in denying his motion for an out-of-time appeal. The grant or denial of a motion for an out-of-time appeal is within the discretion of the trial court, and its decision will not be reversed absent an abuse of such discretion.[1]

In his motion for an out-of-time appeal, Gould does not challenge the validity of his guilty plea. Instead, he contests the trial court's probation revocation order on the ground that he received ineffective assistance of counsel because he was not properly advised of his appellate rights after his probation revocation hearing. An out-of-time appeal is only authorized if the delay is attributable to the ineffective assistance of counsel, and not to the fact that the defendant himself slept on his rights.[2] When the movant alleges deprivation of the right to appeal due to trial counsel's ineffective assistance, judicial inquiry must be made whether appellant was responsible for the failure to pursue a timely appeal.[3]

---

[1] *Robertson v. State*, 287 Ga. App. 271 (651 SE2d 198) (2007).

[2] *Ray v. State*, 287 Ga. App. 492 (652 SE2d 165) (2007).

[3] Id. at 493.

At the hearing on Gould's motion for an out-of-time appeal, trial counsel testified that he informed Gould of his post-revocation appellate rights; and that together with his client, he made the strategic decision to file a motion for reconsideration and a motion for new trial, rather than to file an appeal. This strategy was partially successful, because the trial court did reduce the revoked time, after a hearing on the motions for reconsideration and new trial. The trial court was entitled to believe trial counsel's testimony, which was sufficient to authorize the trial court to find that Gould had been informed of his right to appeal and had voluntarily waived this right, and that Gould's right of a timely appeal was not frustrated by ineffective assistance of counsel.[4] Since we apply the "any evidence" standard to the trial court's findings when it acts as finder of fact,[5] we conclude that the trial court did not abuse its discretion in denying Gould's motion for an out-of-time appeal.[6]

2. Gould contends that the trial court abused its discretion in basing its decision to deny the motion for an out-of-time appeal upon unsworn statements made by his counsel during the hearing. This contention is without merit. The trial judge was allowed to rely upon counsel's unsworn statements because "an attorney takes an oath upon admission to the bar and is deemed to speak the truth and to be bound by his statements in open court as a failure in this might disbar him."[7]

3. Gould argues that the trial court abused its discretion in not allowing him to present evidence that he did not violate the terms of his probation. In a hearing on a motion for an out-of-time appeal, the trial court may only consider evidence relating to the issue of whether the loss of the right of appeal was attributable to the ineffective assistance of counsel or to the defendant himself sleeping on his rights.[8] Gould presented no such evidence, but instead sought only to introduce evidence challenging his probation revocation. Accordingly, we find no abuse of discretion in the trial court's ruling.

*Judgment affirmed. Miller and Blackwell, JJ., concur.*

---

[4] See *Butts v. State*, 244 Ga. App. 366, 368 (536 SE2d 154) (2000).

[5] Id.

[6] See id.

[7] *Thomas v. Scott*, 221 Ga. 875, 878 (7) (148 SE2d 300) (1966). Accord *Cannon Air Transport Svcs. v. Stephens Aviation*, 249 Ga. App. 514, 516 (2), n. 13 (548 SE2d 485) (2001).

[8] *Ray*, supra at 492.

DECIDED MARCH 8, 2012 —
RECONSIDERATION DENIED MAY 2, 2012 — 

Carl J. Gould, *pro se.*
Leigh E. Patterson, *District Attorney,* Emily G. Johnson, *Assistant District Attorney,* for appellee.