# Court of Appeals
# of the State of Georgia

ATLANTA,  October 23, 2019

*The Court of Appeals hereby passes the following order:*

**A20I0067. DARIUS JEREL JACKSON v. THE STATE.**

Darius Jerel Jackson filed a direct appeal following his conviction for following two closely and two counts of reckless driving. However, this Court dismissed that appeal based on Jackson's failure to file an appellate brief. See Case No. A19A2189 (dismissed Aug. 1, 2019). In dismissing the appeal, we advised Jackson that he could file in the trial court a motion for out-of-time appeal, the denial of which would be directly appealable. Back in the trial court, Jackson filed a "motion to allow filing of out-of-time appeal." On September 16, 2019, the trial court issued an order denying the motion,[1] and two days later the court certified that ruling for immediate review. On September 30, 2019, Jackson filed this timely application for interlocutory review of the denial of his motion for out-of-time appeal.

The denial of a motion for out-of-time appeal is directly appealable when the criminal conviction at issue has not been the subject of a direct appeal. *English v. State*, 307 Ga. App. 544, 545 n.4 (705 SE2d 667) (2010); *Lunsford v. State*, 237 Ga. App. 696, 696 (515 SE2d 198) (1999). Here, it appears that Jackson's conviction has

---

[1] The September 16, 2019 order states that the case "came before the [trial c]ourt for a hearing following [this Court's] remittitur dismissing the Appeal. [Jackson's] request to file additional motions is hereby DENIED for the reasons set forth on the record." Because it appears that the only motion pending before the trial court was Jackson's motion for out-of-time appeal, and because in its certificate of immediate review the trial court expressly referenced the denial of the motion for out-of-time appeal, we construe the September 16, 2019 order as denying the motion for out-of-time appeal.

not been the subject of a direct appeal, and therefore the denial of his motion for out-of-time appeal is directly appealable. "This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486 n. 1 (602 SE2d 246) (2004).

Accordingly, this interlocutory application is hereby GRANTED. Jackson shall have ten days from the date of this order to file a notice of appeal in the trial court, if he has not already done so. The clerk of the trial court is DIRECTED to include a copy of this order in the record transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  10/23/2019*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*