# Court of Appeals
# of the State of Georgia

ATLANTA,  January 10, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0232. MALCOM JAMAL CONNER v. THE STATE.**

In 2008, Malcom Jamal Conner pled guilty to one count of voluntary manslaughter, five counts of aggravated assault, two counts of armed robbery, and two counts of theft by receiving stolen property, and the trial court sentenced him to a total of 30 years, with the first 20 years to be served in confinement and the remainder on probation. There is no indication in the record that Conner directly appealed his judgment of conviction. Recently, Conner filed a "supplemental out-of-time appeal motion," which the trial court denied on September 20, 2019. On November 6, 2019, Conner filed the instant application for discretionary review of that trial court order in the Supreme Court, which transferred it to this Court. See Supreme Court Case No. S20D0486 (transferred Dec. 2, 2019).

We lack jurisdiction because, pretermitting whether Conner has a right to directly appeal the trial court's order,[1] his application is untimely. To be timely, an application must be filed within 30 days of entry of the order to be appealed. See OCGA § 5-6-35 (d). Here, Conner filed his application 47 days after the trial court's

---

[1] The denial of a motion for out-of-time appeal is directly appealable when the conviction at issue has not been the subject of a direct appeal. See *English v. State*, 307 Ga. App. 544, 545 n.4 (705 SE2d 667) (2010); *Lunsford v. State*, 237 Ga. App. 696, 696 (515 SE2d 198) (1999). Generally, if a party applies for discretionary review of a directly appealable order, this Court grants the application under OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order to be appealed. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 582 (420 SE2d 393) (1992).

order was entered. His application is therefore untimely and subject to dismissal. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012); see also *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this [C]ourt cannot accept an appeal not made in compliance therewith."). Accordingly, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta, 01/10/2020*
   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

            *, Clerk.*