# Court of Appeals
# of the State of Georgia

ATLANTA,  May 08, 2020

*The Court of Appeals hereby passes the following order:*

**A20D0344. JASON DARIUS MOBUARY v. THE STATE.**

In 2003, Jason Darius Mobuary pled guilty to enticing a child for indecent purposes. There is no indication in the application materials that Mobuary directly appealed his judgment of conviction. Recently, Mobuary filed pro se motions for an out of time appeal and appointment of appellate counsel, which the trial court denied in separate orders on December 11, 2019. Mobuary requested an extension of time to file a discretionary application in the Supreme Court, and this extension was granted. See Supreme Court Case No. S20T0751 (Jan. 17, 2020). On February 3, 2020, Mobuary filed a timely application in the Supreme Court, but the Supreme Court determined that it did not have jurisdiction and transferred the application to this Court. See Supreme Court Case No. S20D0830 (transferred Feb. 27, 2020). Because the extension order was not transferred to this Court with the application materials, we were unaware that Mobuary had received an extension of time, and this Court dismissed Mobuary's application as untimely.

Mobuary filed a motion for reconsideration, noting that he had received an extension of time to file his application and subsequently timely filed the application in the Supreme Court. A review of the Supreme Court's records indicate that Mobuary is correct. Therefore, we GRANT Mobuary's motion for reconsideration, VACATE our April 9, 2020 order dismissing the application as untimely, and REINSTATE the application.

In our original order, we noted that the denial of a motion for an out-of-time appeal is directly appealable when the conviction at issue has not been the subject of a direct appeal. See *English v. State*, 307 Ga. App. 544, 545 n.4 (705 SE2d 667)

(2010); see also *Wetherington v. State*, 296 Ga. 451, 453-454 (1) (769 SE2d 53) (2015) (addressing merits of direct appeal from denial of motion for out-of-time appeal following guilty plea). Generally, if a party applies for discretionary review of a directly appealable order, this Court grants the application under OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order to be appealed. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 582 (420 SE2d 393) (1992). Because Mobuary's application, in fact, was timely filed following the Supreme Court's order granting him an extension of time, and because it does not appear that Mobuary's conviction has been the subject of a direct appeal, we hereby GRANT Mobuary's application for discretionary appeal under OCGA § 5-6-35 (j).

Mobuary shall have ten days from the date of this order to file his notice of appeal with the trial court. If he has already filed a notice of appeal in the trial court, he need not file an additional notice. The clerk of the trial court is DIRECTED to include a copy of this order in the records transmitted to the Court of Appeals.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  05/08/2020*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*