# Court of Appeals
# of the State of Georgia

ATLANTA,   September 21, 2020

*The Court of Appeals hereby passes the following order:*

**A21D0061. MICHAEL D. DYER v. THE STATE.**

Michael D. Dyer has filed numerous applications in this Court based on his guilty plea to two counts of aggravated child molestation in 2007.[1] In his latest attempt to overturn his convictions, Dyer filed this pro se application for discretionary review on September 1, 2020, seeking to appeal from two orders entered on July 17, 2020: one denied his pro se motion for an out-of-time appeal, and the other dismissed his pro se motion to set aside based on OCGA § 9-11-60. We lack jurisdiction.

First, we lack jurisdiction because, pretermitting whether Dyer has a right to directly appeal the trial court's order denying his motion for an out-of-time appeal,[2] his application is untimely. To be timely, an application must be filed within 30 days of entry of the order to be appealed. See OCGA § 5-6-35 (d). Here, Dyer filed his application 46 days after entry of the orders he seeks to appeal. His application is therefore untimely and subject to dismissal. See *Crosson v. Conway*, 291 Ga. 220,

---

[1] See Case Nos. A14D0474 (dismissed Aug. 19, 2014); A16D0422 (denied July 14, 2016); and A19D0054 (denied Sept. 6, 2018).

[2] The denial of a motion for an out-of-time appeal is directly appealable when the conviction at issue has not been the subject of a direct appeal. See *English v. State*, 307 Ga. App. 544, 545 n.4 (705 SE2d 667) (2010); *Lunsford v. State*, 237 Ga. App. 696, 696 (515 SE2d 198) (1999). Generally, if a party applies for discretionary review of a directly appealable order, this Court grants the application under OCGA § 5-6-35 (j). To fall within this general rule, however, the application must be filed within 30 days of entry of the order to be appealed. See OCGA § 5-6-35 (d); *Hill v. State*, 204 Ga. App. 582, 582 (420 SE2d 393) (1992).

220 (1) (728 SE2d 617) (2012); see also *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989) ("The requirements of OCGA § 5-6-35 are jurisdictional and this [C]ourt cannot accept an appeal not made in compliance therewith.").

Second, "[i]t has been held many times that a motion to set aside a judgment is inappropriate in a criminal case." *Lacey v. State*, 253 Ga. 711, 711 (324 SE2d 471) (1985). Regardless of how it is styled, a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010). Because Dyer is not authorized to collaterally attack his conviction in this manner, there is nothing for this Court to review and an application or direct appeal is subject to dismissal. See id.

For these reasons, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   09/21/2020*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.* Stephen E. Castlen