# Court of Appeals
# of the State of Georgia

ATLANTA,  October 25, 2021

*The Court of Appeals hereby passes the following order:*

## A22A0392. KARANJA O. ROLLAND v. THE STATE.

In 2009, Karanja O. Rolland pled guilty to drug charges and was given a partially probated sentence. In 2019, the trial court revoked Rolland's probation on the ground that he had admitted to violating the conditions of his probation. In 2020, Rolland filed a "Motion to Correct a Void Revocation Order." The trial court denied the motion, and Rolland appealed directly to this Court. We dismissed the appeal because Rolland was required to file an application for discretionary review, as the underlying subject matter of his appeal was the revocation of his probation. See Case No. A21A0532 (Nov. 18, 2020).

Back in the trial court, Rolland filed a motion for an out-of-time appeal of the 2019 revocation order. The trial court denied the motion, ruling that the remedy of an out-of-time appeal is not available in a probation revocation case.[1] Rolland again appeals directly to this Court.

As with Rolland's prior appeal, we lack jurisdiction. Because the underlying subject matter of this appeal is the revocation of Rolland's probation, he was required

---

[1] Although we express no opinion on the correctness of the trial court's ruling at this juncture, we direct the court's attention to *Johnson v. State*, 237 Ga. App. 677, 677 (516 SE2d 539) (1999) (holding that an application for discretionary review must be filed "within 30 days after entry of the order revoking defendant's probation *or within 30 days after entry of the order granting defendant's motion for out-of-time appeal*") (emphasis supplied). See also *Gould v. State*, 315 Ga. App. 733 (726 SE2d 432) (2012) (this Court granted defendant's discretionary application from trial court's denial of his motion for out-of-time appeal of probation revocation order).

to file an application for discretionary review in this Court in order to appeal the trial court's ruling. See OCGA § 5-6-35 (a) (5); *Todd v. State*, 236 Ga. App. 757, 758 (513 SE2d 287) (1999). Rolland's failure to file a discretionary application deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,   10/25/2021          *

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*